IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER KNOWLES,

        Plaintiff,                      No. CIV S-09-3470 WBS DAD

    v.

CITY OF BENICIA, et al.,            ORDER

        Defendants.

_____/

        The parties have submitted a stipulated protective order that incorporates provisions for sealing confidential documents to be filed with the court and portions of deposition transcripts and exhibits thereto when designated by a party as containing confidential information. (Amended Stipulation Regarding Confidentiality and for Protective Order (Doc. No. 13) ¶ 5.)

        The parties' stipulation and proposed order permits a party to designate certain specific categories of information as confidential along with "[a]ny other INFORMATION stipulated to by the PARTIES." (Amended Stipulation ¶ 2.b.) Absent from the parties' proposed order is any provision requiring a party to obtain a court order that authorizes the sealing of a specific document or specific portions of a document. Instead, the parties' proposed order authorizes the sealing of parts of documents, entire documents, and entire categories of

1  documents based solely on the blanket provisions contained in the parties' proposed protective
2  order.

3  All documents filed with the court are presumptively public.[1]  See San Jose
4  Mercury News, Inc. v. U.S. Dist. Court, 187 F.3d 1096, 1103 (9th Cir. 1999).  Rule 26 of the
5  Federal Rules of Civil Procedure provides a mechanism by which a party may, in appropriate
6  circumstances, propose means of protecting the claimed confidentiality of information in certain
7  documents filed in a specific case.  Fed. R. Civ. P. 26(c).  Protective orders pursuant to Rule
8  26(c) are intended to safeguard the parties and other persons in light of the broad discovery rights
9  authorized in Rule 26(b).  United States v. CBS, Inc., 666 F.2d 364, 368-69 (9th Cir. 1982).

10  Whether or not a protective order is entered in a case is subject to the discretion of
11  the court.  Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) (holding that Rule 26(c)
12  confers "broad discretion on the trial court to decide when a protective order is appropriate and
13  what degree of protection is required"); Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1211 (9th
14  Cir. 2002) (noting the district court's "broad latitude to grant protective orders to prevent
15  disclosure of materials for many types of information").  A protective order will not be entered
16  absent a showing of good cause.  Fed. R. Civ. P. 26(c); Foltz v. State Farm Mut. Auto. Ins. Co.,
17  331 F.3d 1122, 1130-31 (9th Cir. 2003); Phillips, 307 F.3d at 1210 ("Generally, the public can
18  gain access to litigation documents and information produced during discovery unless the party
19  opposing disclosure shows 'good cause' why a protective order is necessary.").  A party's mere
20  desire for a protective order does not constitute good cause to bar the public from access to
21  litigation documents.  Rather, the party seeking protection bears the burden of showing specific
22  prejudice or harm, including, with respect to individual documents, a particular and specific need
23  for protection.  Phillips, 307 F.3d at 1210-11; San Jose Mercury News, 187 F.3d at 1102-03.

---

25  [1] A party may, however, have a right to protect from public disclosure information that
has been produced to another party in discovery but has not been filed with the court.  Seattle
26  Times Co. v. Rhinehart, 467 U.S. 20, 33 & n.19, 37 (1984).

1   "If a court finds particularized harm will result from disclosure of information to
2   the public, then it balances the public and private interests to decide whether a protective order is
3   necessary." Phillips, 307 F.3d at 1211.  Accordingly, a stipulation or a motion for entry of a
4   protective order must show a particularized need for protection as to each individual document or
5   piece of information proposed to be covered by the order, must show why the need for protection
6   should be addressed by court order as opposed to a private agreement between or among parties,
7   and must describe the types of documents or information eligible for protection under the order,
8   with the description provided in general terms sufficient to reveal the nature of the types of
9   documents or information.  See San Jose Mercury News, 187 F.3d at 1103 (holding that blanket
10  stipulated protective orders "are inherently subject to challenge and modification, as the party
11  resisting disclosure generally has not made a particularized showing of good cause with respect
12  to any individual document").

13  Just as this court will not enter a discovery order or a protective order that enables
14  the parties to designate so much material as "confidential" that, in essence, entire case filings are
15  sealed, the court will not approve an order giving blanket authority to the parties to designate
16  what will be filed under seal.  Similarly, the court will not approve an order that gives blanket
17  authority to the parties to redact matters other than matters specified in Local Rule 140(a).

18  Here, the stipulated protective order proposed by the parties would give the parties
19  blanket authority to file documents under seal and to seal deposition transcripts.  Request for
20  entry of the protective order as proposed will be denied without prejudice to the submission of a
21  second amended stipulation and proposed protective order that cures this defect.  The parties'
22  second amended stipulation and proposed protective order may, of course, provide that any party
23  may file a motion for an order permitting the filing of specific confidential material under seal or
24  a motion for authorization to redact confidential information not relevant to the purpose of the
25  filing of the confidential material.  See Local Rule 140(b).
26  /////

1    In addition, the court declines to adopt the parties' proposed briefing schedule for
2 court resolution of certain disputes regarding disclosure of confidential information. (Amended
3 Stipulation ¶ 6.) If the parties are unable to agree on the terms and conditions of a party's
4 requested disclosure of confidential information, the party seeking such disclosure shall file and
5 serve a notice of motion and motion pursuant to Local Rule 251.[2]

6    The court also declines to approve the parties' proposed order that "[a]ny
7 violation of the provisions set forth in this ORDER is punishable as contempt of this Court."
8 (Amended Stipulation ¶ 11.) A party who seeks an order holding another party in contempt of
9 court for allegedly violating a court order must file an appropriate motion.

10    Finally, the court declines to approve a provision that the stipulated protective
11 order "shall not be made known to any trier of fact," as any stipulated protective order signed by
12 the undersigned will necessarily be filed and will appear on the public docket. (Amended
13 Stipulation ¶ 12.f.) Issues of admissibility are not properly addressed in a stipulated protective
14 order regarding confidentiality of documents. (Id.)

15    For the reasons set forth above, IT IS ORDERED that the parties' June 28, 2010
16 Amended Stipulation Regarding Confidentiality and for Protective Order (Doc. No. 13) is not
17 approved as currently presented.

18 DATED: June 29, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\knowles3470.ord.spo

---

[2] This rule permits the setting of a discovery-related motion for hearing before the assigned magistrate judge on a regularly scheduled law and motion calendar on 21-days' notice, with a joint statement of discovery disagreement to be filed no later than 7 days prior to the hearing. If a joint statement is filed simultaneously with a notice of motion and motion, the motion may be noticed for the next available hearing date 7 or more days after the filing of the motion and joint statement.