```
 1  GREGG A. THORNTON (SBN 146282)
    JENNIFER L. RUSNAK (SBN 247054)
 2  SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
 3  San Francisco, CA  94105
    Telephone: (415) 979-0400
 4  Facsimile: (415) 979-2099

 5  Attorneys for Defendants
    CITY OF BENICIA, Police Chief
 6  SANDRA SPAGNOLI, City Manager
    JIM ERICKSON, Sergeant FRANK
 7  HARTIG, Sergeant BOB OETTINGER,
    Sergeant CHRIS BIDOU, Sergeant
 8  SCOTT PRZEKURAT, Officer JOHN
    McFADDEN, Officer MARK MENESINI,
 9  Officer JAMES LAUGHTER, Officer
    KEVIN ROSE, Officer JASON EAKIN,
10  Officer TED CRIADO and Officer
    JAKE HEINEMEYER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>    Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

**IT IS HEREBY STIPULATED** by and between plaintiff Peter Knowles, through his counsel of record, and defendants City of

1

**SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**2:09-CV-03470-WBS-DAD**

198388.1 555.28280

1 | Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson,
2 | Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris
3 | Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer
4 | Mark Menesini, Officer James Laughter, Officer Kevin Rose,
5 | Officer Jason Eakin, Officer Ted Criado, and Officer Jake
6 | Heinemeyer, through their counsel of record, as follows:

7 |     1. <u>Information and Matters Subject to this **ORDER**</u>.  This
8 | stipulation and order (hereafter "**ORDER**") shall govern all
9 | "**CONFIDENTIAL INFORMATION**" (as defined hereafter) and all
10 | information derived therefrom, including, but not limited to, all
11 | copies, excerpts or summaries thereof.  All references herein to
12 | "**PARTIES**" shall include plaintiff Peter Knowles, and his counsel
13 | of record, and defendants City of Benicia, Police Chief Sandra
14 | Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig,
15 | Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott
16 | Przekurat, Officer John McFadden, Officer Mark Menesini, Officer
17 | James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer
18 | Ted Criado, and Officer Jake Heinemeyer, and their counsel of
19 | record in the above-entitled action.

20 |     2. <u>Definitions</u>.  The following definitions shall apply in
21 | the construction and application of this **ORDER**.

22 |     a.  The term "**INFORMATION**" means any materials, as defined
23 | by Federal Rule of Evidence 1001, or materials produced by the
24 | **PARTIES** or any person or entity subject to their employ or
25 | control in conjunction with this proceeding, including, but not
26 | limited to, (1) documents produced pursuant to requests under
27 | Federal Rule of Civil Procedure 34, (2) documents produced

28

pursuant to subpoena, (3) documents produced voluntarily or in response to informal request, and (4) answers to deposition questions set forth in deposition transcripts.

    b.    The term "**CONFIDENTIAL**" means any **INFORMATION** designated as **CONFIDENTIAL** by the **PARTIES**. Only the following **INFORMATION** may be so designated:

    (1)    All **INFORMATION** regarding medical records, personnel records, employment files, performance evaluations, physical/mental evaluations, disciplinary action, citizen complaints, internal affairs investigations, and all other employment-related writings regarding any employee of the City of Benicia produced in this action;

    (2)    All **INFORMATION** regarding policies, procedures, manuals, training manuals or curriculum and other documents regarding personnel practices and training practices of the City of Benicia produced in this action that are otherwise exempted from public disclosure under California Government Code Section 6254(f); and

    (3)    All **INFORMATION** regarding psychological and/or psychiatric records of PETER KNOWLES, including treatment notes and records, consultation notes and records, psychological histories, examinations, findings, diagnosis, prognosis, observations, impressions, conclusions, recommendations, sign-in sheets, admission records, doctor's notes/instructions, nurses notes, examinations/consultation notes, in-patient and out-patient treatment records and discharge records.

    c.    The term "**QUALIFIED PERSONS**" means (1) the Presiding

Judge and any of his or her staff, (2) any referee appointed by a judge in this matter to preside over any hearings in this matter and any of his or her staff, (3) a jury empanelled for trial, (4) stenographic reporters engaged in these proceedings as are necessarily incident to the preparation for trial and/or trial of this action, (5) counsel for the **PARTIES** in this litigation, (6) paralegal, stenographic, clerical, and secretarial personnel employed by counsel for the **PARTIES**, (7) the **PARTIES** to these proceedings, including their officers, directors, agents, and employees, and (8) any person employed by counsel for the **PARTIES** in this proceeding to assist such counsel in this proceeding, such as experts or other consultants.

  d. The term "**DISCLOSE**" or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION**.

  3. <u>Grounds for Protection of **CONFIDENTIAL INFORMATION**</u>.  The **PARTIES** acknowledge and recognize the **INFORMATION** identified as **CONFIDENTIAL INFORMATION** herein in paragraph 2.b.(1)-(3) is protected by a right of privacy under both state and federal laws.  This **ORDER** is necessary in order to protect the important privacy interests of the **PARTIES** with regard to the **CONFIDENTIAL INFORMATION** by protecting such **CONFIDENTIAL INFORMATION** from public disclosure and meet the respective concerns of the **PARTIES** while permitting the **PARTIES** to expedite discovery.

4. <u>Use of **CONFIDENTIAL INFORMATION**</u>. **CONFIDENTIAL INFORMATION** shall be used solely in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function. **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than **QUALIFIED PERSONS** and shall not be **DISCLOSED** except in accordance with this **ORDER**. Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the responsibility of the attorneys of record and the **PARTIES**. The provisions of this **ORDER**, insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

5. <u>Designation of **INFORMATION** as **CONFIDENTIAL**</u>. In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

a. **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by the producing party that the material contains **CONFIDENTIAL INFORMATION** as defined herein, the **DISCLOSURE** and use of which would be detrimental to or invade the privacy of the producing party.

b. Any information sought to be protected is properly subject to protection under FRCP Rule 26(c), and **PARTIES** and

counsel shall not designate any discovery material **CONFIDENTIAL** without first making a good faith determination that protection is warranted.

  c. Any party seeking protection under FRCP Rule 26(c) has the burden of proof to show that such protection is warranted.

  d. The designation of **INFORMATION** as **CONFIDENTIAL** shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "**CONFIDENTIAL**," or by the designation of categories of documents as "**CONFIDENTIAL**." If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure. The **INFORMATION** shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed. Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise **INFORMATION** sought to be designated as **CONFIDENTIAL**. Absent such notice, the **INFORMATION** cannot be treated as **CONFIDENTIAL**.

  6. <u>**DISCLOSURE** of **CONFIDENTIAL INFORMATION**</u>. Each individual, other than counsel whose law firms are actual signatories to this **ORDER**, to whom **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED**, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms. Such person must also consent to be subject to the personal

1  jurisdiction of the United States District Court, Eastern
2  District of California, with respect to any proceeding relating
3  to enforcement of this **ORDER**, including any proceeding relating
4  to contempt of court.  The certificate shall be in the form
5  attached hereto.  Counsel making **DISCLOSURE** to any person as
6  described herein shall retain the original executed copy of such
7  certificate until final termination of this case.

8      a.  <u>**DISCLOSURE** During Depositions</u>.  In the event that
9  **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized,
10 examined or referred to during depositions, then only **QUALIFIED**
11 **PERSONS**, the deponent, and the court reporter shall be present.
12 If **CONFIDENTIAL INFORMATION** is made exhibits to, or if
13 **CONFIDENTIAL INFORMATION** is the subject of examination during, a
14 deposition, then arrangements will be made with the court
15 reporter to separately bind those exhibits and those portions of
16 the transcript containing **CONFIDENTIAL INFORMATION**, <u>and each page
17 on which such **CONFIDENTIAL INFORMATION** appears shall be stamped
18 with the word "**CONFIDENTIAL**."</u>  Those exhibits and transcript
19 portions shall be placed in a sealed envelope or other
20 appropriate sealed container on which shall be endorsed "<u>Knowles
21 v. City of Benicia</u>, <i>et al.</i>, Confidential Pursuant to Order in
22 Case No. 2:09-CV-03470-WBS-DAD," and a statement substantially in
23 the following form:

24     "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE
25 ORDER OF COURT, IN "<u>Knowles v. City of Benicia</u>, <i>et al.</i>, UNITED
26 STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO.
27 2:09-CV-03470-WBS-DAD, AND CONTAINS CONFIDENTIAL DOCUMENTS

28

PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

Each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall be informed of and provided with a copy of this **ORDER** and exhibit hereto and shall be requested to sign a copy of said exhibit.  Furthermore, each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any other person participating in the preparation of any deposition transcript and shall have such person sign a copy of said exhibit.

b. <u>Papers Filed in Court</u>.  If any **PARTY** wishes to file any document containing **CONFIDENTIAL INFORMATION** with the court, that **PARTY** shall file and serve a motion requesting an order authorizing the filing of such documents under seal, or an order authorizing the redaction of **CONFIDENTIAL INFORMATION** from the documents.  The motion shall be filed and served in accordance with Local Rules 140 and 141 and all documents requested to be filed under seal shall be submitted to the Court in accordance with Local Rule 141(b).  Upon the Court's Order granting a motion to file **CONFIDENTIAL INFORMATION** under seal, all documents that the Court Orders to be filed under seal shall be submitted to the Court in accordance with Local Rule 141(e)(2).

In the event that the Court denies any **PARTY's** motion requesting an order authorizing the filing of documents containing **CONFIDENTIAL INFORMATION** under seal or in redacted

SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
2:09-CV-03470-WBS-DAD

198388.1 555.28280

1  form, such **CONFIDENTIAL INFORMATION** shall not be filed with the
2  Court, but shall instead be returned to the moving party.
3      c.  <u>**DISCLOSURE** to Experts</u>.  In case of any **DISCLOSURE** to an
4  expert, consultant, or other **QUALIFIED PERSON** under paragraph
5  2(c) above, plaintiffs, *pro se*, or counsel for the disclosing
6  party shall make reasonable efforts to ensure that the
7  **CONFIDENTIAL INFORMATION DISCLOSED** is not disseminated in any
8  form to anyone by such expert, consultant, or other **QUALIFIED**
9  **PERSON** and that said **CONFIDENTIAL INFORMATION** and any copies or
10 summaries thereof are returned in their entirety to the
11 disclosing party after they are no longer needed in this action.
12     7.  <u>**DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than</u>
13 <u>**QUALIFIED PERSONS**</u>.  In the event that any party desires
14 **CONFIDENTIAL INFORMATION** to be **DISCLOSED**, discussed, or made
15 available to any person other than a **QUALIFIED PERSON**, such party
16 shall submit to opposing counsel a written statement specifically
17 identifying the **CONFIDENTIAL INFORMATION** to be **DISCLOSED** and the
18 name, title, and business relationship of the persons with whom
19 they wish to communicate.  Counsel for the opposing party shall
20 have fifteen (15) calendar days from the date notice was served
21 to object to the **DISCLOSURE** to any person identified in the
22 notice.  If the **PARTIES** are unable to agree on the terms and
23 conditions of the requested **DISCLOSURE**, the **PARTY** seeking
24 disclosure may file and serve on opposing counsel a notice of
25 motion and motion for authority to make such **DISCLOSURE**.  Such
26 motion shall be filed and served pursuant to Local Rule 251.
27     a.  Unless opposing counsel responds timely in writing to
28

9
SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
2:09-CV-03470-WBS-DAD

Selman Breitman LLP
ATTORNEYS AT LAW
198388.1 555.28280

1    the fifteen (15)-day notification provided for above, the persons
2    named in the notice shall, subject to the terms and conditions of
3    this **ORDER**, be entitled to receive only that **CONFIDENTIAL**
4    **INFORMATION** specified in this notice.

5       8.   <u>DISCLOSURE to Author or Addressee</u>.  Nothing in this
6    **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION**
7    to any person who authored, prepared, was an addressee of,
8    received a copy of, or participated in the preparation of such
9    **CONFIDENTIAL INFORMATION**.

10      9.   <u>Objections To Designation</u>.  Should any party to whom
11   **CONFIDENTIAL INFORMATION** is disclosed object to classification of
12   such materials, and should the **PARTIES** be unable to resolve the
13   objection informally, then the objecting party ("the moving
14   party") shall have the burden of moving forward and may move, at
15   any time upon proper notice, for an order determining whether or
16   not the materials are properly designated.  Until a motion is
17   filed and resolved by the Court, all materials designated
18   **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL**.  In
19   the event such a motion is made, the party opposing the motion
20   (the "opposing party") shall have the burden of providing and
21   establishing that the **INFORMATION** is protected as privileged
22   within the meaning of and under applicable federal laws and the
23   laws of the State of California.  This burden, imposed on the
24   opposing party, shall include, but shall not be limited to, the
25   burden imposed on any party seeking a protective **ORDER**.

26      10.  <u>Objections To Production</u>.  Nothing in this **ORDER** shall
27   be deemed to limit or waive any right of any party to object to

28
10
SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
2:09-CV-03470-WBS-DAD
198388.1 555.28280

discovery with respect to any **INFORMATION** which may be claimed to be outside the scope of discovery for any reason, privileged, or otherwise protected or protectable under applicable federal laws and the laws of the State of California

11. <u>Further Protection</u>. Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL INFORMATION** or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** designation from any document pursuant to Paragraph 4 above; and (c) to apply to the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown. Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revision of the terms of this **ORDER**.

12. <u>Contempt</u>. Upon any violation of the provisions set forth in this **ORDER**, the **PARTY** asserting the violation may file and serve an appropriate motion seeking an order holding the violating **PARTY** either in contempt of this Court or in violation of this **ORDER**.

13. <u>General Provisions</u>.

a. This **ORDER** is the result of negotiations by attorneys for the **PARTIES** and shall not be construed against any party or signatory to this **ORDER** because that **PARTY** or their counsel may have drafted this **ORDER** in whole or in part. This **ORDER** shall be construed and interpreted fairly in accordance with its purpose

SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
2:09-CV-03470-WBS-DAD
198388.1 555.28280
Selman Breitman LLP
ATTORNEYS AT LAW

and plain meaning.

   b.   This **ORDER** shall continue to be binding after the conclusion of this litigation, except that a party may seek written permission from the opposing **PARTIES** or further **ORDER** of the Court with respect to dissolution or modification of this **ORDER**.

   c.   Within thirty (30) days after the conclusion of this case, any and all original, copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION** materials in the possession, control, and/or custody of any **QUALIFIED PERSON** shall be returned.  Counsel of record for a **PARTY** returning **CONFIDENTIAL INFORMATION** shall verify by declaration under oath that all such **INFORMATION** has been returned and that it has not retained any such **INFORMATION** or derivatives therefrom.  Counsel may retain copies of briefs filed with the Court and work product so long as it is maintained in accordance with this **ORDER**.

   d.   Disclosure of **CONFIDENTIAL INFORMATION** shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

   e.   Notices pursuant to this **ORDER** shall be sent to the attorneys for the **PARTIES** listed on the signature page of this **ORDER** unless notified in writing of a change.

   f.   This **ORDER** shall not constitute an admission by any of the **PARTIES** that **INFORMATION** identified as **CONFIDENTIAL** is in fact confidential or the subject of entitlement thereto.  This **ORDER** is entered into solely to expedite discovery and meet the respective concerns of the **PARTIES**.  This **ORDER** not be considered

an admission of validity to any claim of confidentiality hereunder except as is necessary to enforce the terms of the **ORDER** as provided herein.

  g. The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination of this action.

  The above is stipulated to by the respective counsel for the **PARTIES** as follows:

DATED: July 7, 2010  ROSEN, BIEN & GALVAN, LLP

By: /s/ Mark Feeser (as authorized on July 7, 2010)
  ERNEST GALVAN
  MARK FEESER
  Attorneys for Plaintiff, PETER KNOWLES

DATED: July 7, 2010  SELMAN BREITMAN LLP

By: /s/ Jennifer L. Rusnak (as authorized on July 7, 2010)
  GREGG A. THORNTON
  JENNIFER L. RUSNAK
  Attorneys for Defendants
  CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN MCFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO and Officer JAKE HEINEMEYER

**EXHIBIT A**

```
 1  Gregg A. Thornton (SBN 146282)
    JENNIFER L. RUSNAK (SBN 247054)
 2  SELMAN BREITMAN LLP
    33 New Montgomery, Sixth Floor
 3  San Francisco, CA  94105
    Telephone: (415) 979-0400
 4  Facsimile: (415) 979-2099

 5  Attorneys for Defendants
    CITY OF BENICIA, Police Chief
 6  SANDRA SPAGNOLI, City Manager
    JIM ERICKSON, Sergeant FRANK
 7  HARTIG, Sergeant BOB OETTINGER,
    Sergeant CHRIS BIDOU, Sergeant
 8  SCOTT PRZEKURAT, Officer JOHN
    McFADDEN, Officer MARK MENESINI,
 9  Officer JAMES LAUGHTER, Officer
    KEVIN ROSE, Officer JASON EAKIN,
10  Officer TED CRIADO and Officer
    JAKE HEINEMEYER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PETER KNOWLES,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>    Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**NON-DISCLOSURE AGREEMENT RELATING TO STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |
|---|---|

I, _____, declare as follows:

1. My home address and telephone number is

_____.

15

**SECOND AMENDED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
2:09-CV-03470-WBS-DAD

198388.1  555.28280

2. The name, address and telephone number of my employer is:

_____.

3. I have received a copy of the Stipulation Regarding Confidentiality and for Protective Order and Protective Order (hereinafter the "**ORDER**") filed in the above-entitled action.

4. I have carefully read and understand the terms of the **ORDER**.

5. I hereby agree to be bound by the terms of the **ORDER**.

6. During the pendency and after final resolution of this case, I will hold in confidence and not disclose to anyone not qualified under the terms of the **ORDER** any confidential writings, documents, things, information, or discovery disclosed to me.

7. I agree to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with regard to any proceeding relating to the enforcement of the **ORDER**.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this ____ day of _____ (month), _____ (year), at _____ (city), California.


DATED: _____   _____

ORDER

**IT IS SO ORDERED.**

Dated: July 8, 2010.          By: _____
                                  Dale A. Drozd
                                  United States Magistrate Judge
                                  Eastern District of California

Ddad1/orders.civil/knowles3470.secam.stipprotord