SANFORD JAY ROSEN – 062566
ERNEST GALVAN – 196065
LESLIE C. MEHTA – 258512
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: srosen@rbg-law.com
       egalvan@rbg-law.com
       lmehta@rbg-law.com

GERI LYNN GREEN – 127709
LAW OFFICES OF GERI LYNN GREEN, LC
155 Montgomery Street, Suite 901
San Francisco, California 94104-4166
Telephone: (415) 982-2600
Facsimile: (415) 358-4562
Email: gerilynngreen@gmail.com

Attorneys for Plaintiff PETER KNOWLES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer, TED CRIADO, Officer JAKE HEINEMEYER, and DOES I through XXX, inclusive,<br><br>Defendants. | Case No. 2:09-CV-03470-WBS-DAD<br><br>**DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER**<br><br>Date: November 12, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 27, 8th Floor<br>Judge: Dale A. Drozd |

I, Leslie Chambers Mehta, hereby declare:

1. I am an attorney admitted to practice law in California, a member of the State Bar of California, and of this Court. I am an associate attorney in the firm Rosen, Bien & Galvan, LLP ("RBG"), and counsel for Plaintiff Peter Knowles in *Knowles v. City of Benicia, et al.*, Case No. 2:09-CV-03470-WBS-DAD, in the United States District Court for the Eastern District of California.

2. I have personal knowledge of the matters set forth herein, and if called as a witness I could competently so testify.

3. I make this Declaration in support of Plaintiff Peter Knowles's Motion to Quash or Modify Third Party Subpoenas and for a Protective Order.

4. On October 26, 2010, Defendants served subpoenas to the following entities seeking the production of Plaintiff Peter Knowles's academic, employment, and medical records: Counseling and Psychological; The California Maritime Academy; Benicia Marina; Sacramento City College; American River College; Cosumnes River College; Mercy Medical Group, Attn: Custodian of Records; Mercy Medical Group, Attn: Sue Chappell; A Secure Choice, Inc.; and California State University of Monterey Bay (collectively, "third party entities"). Defendants' deadline for response to the subpoenas was November 8, 2010. Attached hereto as **Exhibit A-1** through **Exhibit A-4** are true and correct copies of the four subpoenas sent to Plaintiff by Defendants on October 27, 2010. The United States District Court for the Northern District of California issued subpoenas to the following entities: (1) Counseling and Psychological Services; (2) The California Maritime Academy; (3) Benicia Marina; and (4) California State University of Monterey Bay ("Northern District entities"). All other subpoenas were issued by this Court. All of the Northern District entities consent to this discovery dispute to be heard and determined by this Court. Attached hereto as **Exhibit K** is a true and correct copy of an e-mail from John Ash, holder of the records of Benicia Marina, consenting to a determination of this discovery dispute in this Court. Attached hereto as **Exhibit L** is a true and correct copy of an e-mail from Deborah Fischer, holder of the records of The California Maritime Academy, consenting to a determination of this discovery dispute in this Court. Attached hereto as **Exhibit M** is a true and

1

DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER - CASE NO. 2:09-CV-03470-WBS-DAD

[416441-1]

1  correct copy of an e-mail from Dr. Carlton Purviance, holder of the records of Counseling and
2  Psychological Services, consenting to a determination of this discovery dispute in this Court.
3  Attached hereto as **Exhibit N** is a true and correct copy of an e-mail from Patti Hiramato, holder
4  of the records of California State University of Monterey Bay, consenting to a determination of
5  this discovery dispute in this Court.

6      5.    On October 27, 2010, Plaintiff began the first of numerous communications to
7  meet and confer with Defendants concerning the subpoenas, requesting that the personal and
8  private information of Plaintiff be redacted from documents to be produced by the third party
9  entities prior to their production.

10     6.    On October 28, 2010, Plaintiff sent a letter to Defendants and copied the third party
11 entities explaining that the subpoenas raised serious concerns regarding Mr. Knowles's privacy
12 rights and that the parties must not prematurely respond to the requests. Attached hereto as
13 **Exhibit B** is a true and correct copy of Plaintiff's October 28, 2010 letter to Defendants
14 regarding Plaintiff's concerns regarding his privacy rights that were raised by the subpoenas.

15     7.    On November 1, 2010, Defendants sent letters to the third party entities stating that
16 the facilities must comply with the subpoenas by the requested deadline. Attached hereto as
17 **Exhibit C** is a true and correct copy of Defendants' letters to the third party entities requesting
18 their compliance with Defendants' subpoena requests.

19     8.    Also on November 1, 2010 in response to numerous communications between the
20 parties, Defendants sent a letter to Plaintiff explaining that they would agree only to a post-
21 production protective order. Attached hereto as **Exhibit D** is a true and correct copy of the letter
22 from Defendants dated November 1, 2010 regarding Defendants' position with respect to
23 redaction of documents to be produced pursuant to Defendants' subpoenas.

24     9.    On November 3, 2010, Plaintiff's co-counsel in this case, Geri L. Green of the Law
25 Offices of Geri Lynn Green, LC, defense counsel, Jennifer Rusnak of Selman Breitman, and I
26 again discussed the subpoenas that Defendants served on the third party entities. Defendants
27 expressed concern that the entities would have difficulty determining which types of information
28 to redact on their own and that could lead to inconsistencies in redaction. In that conversation,

1  Plaintiff counsel proposed that the documents be produced to Plaintiff first so that Plaintiff may
2  redact personal information from the documents and provide those documents to Defendants
3  along with a privilege or redaction log. Plaintiff would agree to meet and confer regarding
4  questions related to any of the redactions post-production. Plaintiff suggested this proposal
5  because Plaintiff is in a better position than the third party entities to determine which
6  information should be redacted. Because of the nature and breadth of the documents, it would be
7  difficult to direct third party entities adequately to ensure redactions were done properly. At this
8  point, Plaintiff does not know all of the potential personal information that may be contained in
9  the documents in order for the third party entities to redact the information themselves.
10 Plaintiff's counsel also offered to visit each individual third party entity to oversee the redaction
11 of the personal and private information as an additional proposal. Plaintiff and defense counsel
12 even discussed the possibility of Plaintiff waiving his moving costs so that there would be no
13 need for Defendants to further inquire into Plaintiff's present address or information leading to
14 his present address. This suggestion of a waiver of moving costs and increased rent was
15 discussed as yet another way for Defendants to obtain the information they needed without
16 Plaintiff divulging his new address that resulted from him having to flee to safety. Attached
17 hereto as **Exhibit E** is a true and correct copy of the November 2, 2010 e-mail from Plaintiff to
18 Defendants memorializing a conversation regarding Plaintiff's concerns about the production of
19 the documents without appropriate redaction.

20      10.    Due to the fact that the parties were attempting to resolve this discovery dispute, on
21 November 3, 2010 Defendants agreed to extend the deadline for response to the subpoenas from
22 November 8, 2010 to November 15, 2010. Attached hereto as **Exhibit F** are true and correct
23 copies of Defendants' November 3, 2010 letters to the third party entities notifying them that the
24 deadline to respond to the subpoenas had been extended from November 3, 2010 to
25 November 15, 2010. Attached as **Exhibit G** is a true and correct copy of a November 3, 2010
26 letter from Defendants to Plaintiff memorializing the November 2, 2010 conversation between
27 Plaintiff and Defendants.
28

DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER - CASE NO. 2:09-CV-03470-WBS-DAD

[416441-1]

11. On November 3, 2010, Plaintiff and Defendants tentatively discussed a proposal that Plaintiff's driver's license, social security number, and telephone number be redacted by the third party entities from the documents prior to production. Other personal information except Plaintiff's present address would be produced by the third party entities but would be subject to a protective order under which the documents would be "for attorney's eyes only" with the qualification that the information may be used as appropriate in the litigation such as for subpoenas. Attached as **Exhibit H** is a true and correct copy of an e-mail from Defendants to Plaintiff outlining the proposal regarding the production of documents.

12. On November 9, 2010, Plaintiff and Defendants again met and conferred to discuss the production of documents pursuant to the subpoenas and could not reach an agreement on the redaction information that could lead to Mr. Knowles's present address. Attached as **Exhibit I** is a true and correct copy of Defendants' letter to Plaintiff regarding the November 9, 2010 meet and confer. Attached as **Exhibit J** is a true and correct copy of Plaintiff's November 10, 2010 e-mail to Defendants memorializing a November 9, 2010 conversation between the parties and response to a November 10, 2010 e-mail from Defendants.

13. However, the parties were unable to resolve this discovery dispute because, after numerous meet and confers, Defendants have been unwilling to agree to a redaction of all information leading to Plaintiff's present address from any documents produced to them.

14. As alleged in the Complaint for Violation of Civil Rights, shortly after moving to the City of Benicia where he was employed as Harbor Master, Plaintiff became the target of Benicia Police Department harassment. Dkt. No. 1 at ¶ 24.

15. The Benicia police department is a small police force. In fact, the entire department, including non-officers, has less than sixty employees. *See http://www.ci.benicia.ca.us/index.asp?Type=B_BASIC&SEC={B217E5EC-C8B9-4B56-ABAD-4A4A2A05A7D0}*. Upon information and belief, there are fewer than fifteen Benicia police officers in the entire department.

4

DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER - CASE NO. 2:09-CV-03470-WBS-DAD

[416441-1]

16. On December 23, 2007, Defendant Hartig unlawfully entered Plaintiff's garage while he was at his place of residence. He was arrested but the charges against him were ultimately dismissed. Dkt. No. 1, ¶¶ 26-40.

17. On January 3, 2008, Plaintiff was pulled over by Defendant Bob Oettinger, he proceeded to verbally abuse Plaintiff and even pulled his firearm on Plaintiff. No charges were ever brought against Plaintiff. *Id.* at ¶¶ 41-43.

18. On March 26, 2008, Plaintiff was followed and threatened by Defendant Chris Bidou. No charges were ever brought against Plaintiff. *Id.* at ¶¶ 44-45.

19. On April 30, 2008, several of the Defendants boarded the boat on which Plaintiff was residing and made physical threats against Plaintiff and demanded that he exit the cabin of the boat. The Defendants kicked in the door to the cabin area of the boat, breaking the frame of the door. The charges against Plaintiff were ultimately dismissed. *Id.* at ¶¶ 46-60.

20. On May 30, 2008, several Defendants sought entry into Plaintiff's residence. Due to his fear in light of his experience on April 30, 2008, he opened the front door but left the screen door closed. Plaintiff was physically pulled out of the residence and handcuffed. Defendants searched Plaintiff's residence. The charges against Plaintiff were dismissed. *Id.* at ¶¶ 64-78.

21. Again, as a result of these and other incidents involving the Benicia police department, Plaintiff remains in fear for his safety and for his life. Due to the harassment and fear, Plaintiff was ultimately forced to move out of the City of Benicia, where he was employed as Harbor Master of the Benicia Marina and which was adjacent to the California Maritime Academy, where Plaintiff was a student. *Id.* at Introduction and ¶¶ 82, 86, 90, 95, 103, and 106.

22. These Defendants are sworn law enforcement and have abused their power. Plaintiff is in fear for his life because of Defendants' unrelenting harassment.

5

DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER - CASE NO. 2:09-CV-03470-WBS-DAD

[416441-1]

I declare under penalty of perjury that the foregoing is true and correct, and that this Declaration was executed this 10th day of November, 2010, in San Francisco, California.

Date: November 10, 2010

_____
LESLIE CHAMBERS MEHTA

DECLARATION OF LESLIE CHAMBERS MEHTA IN SUPPORT OF PLAINTIFF'S MOTION TO QUASH OR MODIFY THIRD PARTY SUBPOENAS AND FOR A PROTECTIVE ORDER - CASE NO. 2:09-CV-03470-WBS-DAD

[416441-1]