SANFORD JAY ROSEN – 062566
ERNEST GALVAN – 196065
LESLIE C. MEHTA – 258512
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104-1823
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email:     srosen@rbg-law.com
           egalvan@rbg-law.com
           lmehta@rbg-law.com

GERI LYNN GREEN – 127709
LAW OFFICES OF GERI LYNN GREEN, LC
155 Montgomery Street, Suite 901
San Francisco, California 94104-4166
Telephone: (415) 982-2600
Facsimile: (415) 358-4562
Email:     gerilynngreen@gmail.com

Attorneys for Plaintiff PETER KNOWLES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer, TED CRIADO, Officer JAKE HEINEMEYER, and DOES I through XXX, inclusive,<br><br>         Defendants. | Case No. 2:09-CV-03470-WBS-DAD<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION**<br><br>Date: February 14, 2011<br>Time: 2:00 p.m.<br>Place: Courtroom 5, 14th Floor<br>Judge: William B. Shubb |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

# TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................................ 1

STANDARD FOR SUMMARY ADJUDICATION ..................................................................... 2

STATEMENT OF UNDISPUTED FACTS .................................................................................. 2

ARGUMENT .................................................................................................................................... 4

I. CALIFORNIA AND FEDERAL LAW ARE IDENTICAL REGARDING FOURTH AMENDMENT VIOLATIONS ........................................................................ 5

II. THE SOLANO COUNTY SUPERIOR COURT, APPELLATE DIVISION, DECIDED THAT DEFENDANT HARTIG VIOLATED PLAINTIFF'S FOURTH AMENDMENT RIGHTS ........................................................................... 5

III. THE APPELLATE DIVISION'S DECISION CONTROLS HERE, REQUIRING THAT THIS COURT GRANT SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION ................................................................. 7

    A. Defendant Hartig Was Not in Hot Pursuit of a Fleeing Felon. ............................... 9

    B. At the Time of Defendant Hartig's Warrantless Entry Into Plaintiff's Garage, Defendant Hartig Had No Reason to Believe There Would Be Destruction or Disappearance of Evidence. ........................................................... 10

CONCLUSION .............................................................................................................................. 11

i

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

# TABLE OF AUTHORITIES

**Page**

## Cases

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) .................................................................................................................. 2

*Ayers v. Johnson*,
   895 F.2d 1267 (9th Cir. 1990) ................................................................................................... 7

*Brooks v. City of Seattle*,
   599 F.3d 1018 (9th Cir. 2010) ................................................................................................... 8

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) .................................................................................................................. 2

*Lopez-Rodriguez v. Mukasey*,
   536 F.3d 1012 (9th Cir. 2008) ................................................................................................... 8

*Matsushita Electric Industrial Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) .................................................................................................................. 2

*Medeiros v. Clark*,
   No. CV-F-09-1177, 2010 WL 1812641 (E.D. Cal. May 5, 2010) ............................................. 8

*People v. Lloyd*,
   216 Cal. App. 3d (1989) ........................................................................................................... 6

*People v. Ramey*,
   16 Cal.3d 263 (1976) ................................................................................................................ 6

*Schmidlin v. City of Palo Alto*,
   157 Cal. App. 4th 728 (2008) .................................................................................................... 7

*Taylor v. United States*,
   286 1 (1932) .............................................................................................................................. 6

*United States v. Alexander*,
   761 F.2d 1294 (9th Cir. 1985) ................................................................................................... 5

*United States v. Brooks*,
   367 F.3d 1128 (9th Cir. 2004) ................................................................................................... 9

*United States v. Struckman*,
   603 F.3d 731 (9th Cir. 2010) ............................................................................................... 8, 9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

*Walker v. City of Fresno*,
   No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861 (E.D. Cal. Aug. 23,
   2010) .................................................................................................................. 8

**Constitutional Provisions**

United States Constitution, Amendment IV ................................................................ 4

**Statutes**

42 U.S.C. § 1983 ......................................................................................................... 7

Cal. Veh. Code § 23109(a) .......................................................................................... 4

Cal. Veh. Code §§ 23152(a)&(b) ................................................................................. 4

**Rules**

Fed. R. Civ. P. 56(c)(2) ............................................................................................... 2

Fed. R. Civ. P. 56(e)(2) ............................................................................................... 2

L.R. 260(c) .................................................................................................................. 2

iii

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

# INTRODUCTION

This lawsuit concerns systematic, repeated and unconstitutional harassment, threats and intimidation by City of Benicia police officers of Plaintiff Peter Knowles ("Knowles" or "Plaintiff") that began in 2007 with a specific violation of his Fourth Amendment Rights. After an initial interaction with the police, in which they have been found by a California court to have violated his Fourth Amendment rights, he was targeted and retaliated against by them for exercising both his Fourth and First Amendment rights. Eventually the unremitting harassment and intimidation including at least one death threat put Plaintiff in such fear for his life and safety that he had to move out of the City of Benicia, where he lived and was employed as Harbor Master of the Benicia Marina. The instant motion concerns only the initial Fourth Amendment violation which has been adjudicated as such by the California courts.

On December 23, 2007, Defendant Sergeant Frank Hartig ("Defendant Hartig") and other Benicia police officers entered Plaintiff's private residence without a warrant, exigent circumstances or consent, and arrested him. Plaintiff was charged with driving under the influence. Plaintiff was imprisoned overnight and had to hire an attorney who moved to suppress evidence from that illegal search in the Superior Court of Solano County on Fourth Amendment grounds. The suppression motion was denied and Plaintiff appealed to the Superior Court of Solano County, Appellate Division. On April 6, 2009, the Appellate Division found that Defendant Hartig violated Plaintiff's Fourth Amendment rights and ordered that the evidence seized from that search be suppressed. That decision is final. Because Plaintiff opposed Defendant Hartig's unconstitutional search, ultimately with complete success, he was subjected to numerous incidents of harassment and intimidation by Benicia police officers.

Plaintiff's First Claim for Relief alleges a violation of his Fourth Amendment rights against unlawful search, seizure and arrest without probable cause or warrant or exigent circumstances on December 23, 2007. There are no disputable issues of material fact concerning the illegality of the arrest and search, and it is "clearly established" that it is unconstitutional for a police officer to enter a person's residence without a warrant, probable cause, consent, or exigent circumstances. It follows that the Defendants have no qualified immunity defense and Plaintiff

1

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

is entitled to partial summary judgment as to Defendant Hartig's liability for this violation of his Fourth Amendment rights.

## STANDARD FOR SUMMARY ADJUDICATION

Summary adjudication or partial summary judgment must be granted where "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); and *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). As we show below, Plaintiff has fully met this burden.

The Court views the facts in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, the nonmoving party may prevail on the motion only by "designat[ing] specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 56(e)(2). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). As will be shown below, given the finality of the Appellate Division's decision that Defendant Hartig violated Plaintiff's Fourth Amendment rights, Defendant Hartig will be hard pressed to meet his burden, and summary judgment should be granted on this cause of action.

## STATEMENT OF UNDISPUTED FACTS

Here we recite the facts as most favorable to Defendant Hartig pursuant to L.R. 260(c) of the Local Rules of Practice for the United States District Court, Eastern District of California. Plaintiff does not concede that if the facts were subject to trial that they would be nearly so favorable to Defendant Hartig.

On December 23, 2007, Defendant Hartig was working as a sergeant for the Benicia Police Department. Statement of Undisputed Facts ("SUF"), filed contemporaneously herewith, ¶ 1; Transcript of the testimony of Defendant Frank Hartig, Jr. at motion to suppress hearing,

2

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

August 26, 2008, attached to the Declaration of Leslie Chambers Mehta in Support of Plaintiff's Motion for Summary Adjudication ("Mehta Decl.") as Exhibit A, 3:25-28; Superior Court of California, County of Solano, Appellate Division, Opinion of the Court, April 6, 2009, attached to Mehta Decl. as Exhibit B, 1.  While working in that capacity, Defendant Hartig observed a red Jeep accelerate, he looked at the driver and the driver "kind of" looked his way.  SUF ¶¶ 1-2; Ex. A to Mehta Decl., 4:22-27, 5:6-12; Ex. B to Mehta Decl., 1-2.  However, this momentary glance did not provide Defendant Hartig enough visibility to make a positive identification of the driver.  SUF ¶ 2; Ex. A to Mehta Decl., 7:6-9; Ex. B to Mehta Decl., 2.  Hartig reported that the vehicle accelerated to an estimated 60 mph onto a stretch of road posted 35 mph but that Defendant Hartig lost sight of the Jeep.  SUF ¶ 3-4; Ex. A to Mehta Decl., 5:13-19, 6:1, 6:14-26; Ex. B to Mehta Decl., 2.  Defendant Hartig later spotted a similar looking Jeep traveling in the opposite direction.  SUF ¶ 5; Ex. A to Mehta Decl., 6:26-7:5; Ex. B to Mehta Decl., 2.  Although Defendant Hartig could not see inside the vehicle, he nevertheless assumed it to be the very same Jeep he had seen earlier even though there was no immediate and continuous pursuit of the Jeep or of Plaintiff from the scene of any crime.  SUF ¶ 4-6; Ex. A to Mehta Decl., 6:1, 6:14-7:9; Ex. B to Mehta Decl., 2.  Defendant Hartig therefore decided to follow after this Jeep.  SUF ¶ 7; Ex. A to Mehta Decl., 7:17-8:1; Ex. B to Mehta Decl., 2.  And again Defendant Hartig completely lost sight of the vehicle and therefore never actually continuously followed the Jeep. SUF ¶ 7; Ex. A to Mehta Decl., 7:17-8:1; Ex. B to Mehta Decl., 2.  On "a hunch" Defendant Hartig drove onto Stuart Court where he observed tail lights pulling into the driveway of a residence.  SUF ¶¶ 7-8; Ex. A to Mehta Decl., 7:17-8:1, 8:8-10; Ex. B to Mehta Decl., 2. Defendant Hartig never activated his emergency lights.  SUF ¶ 19; Ex. A to Mehta Decl., 7:14-8:1, 8:8-16; Ex. B to Mehta Decl., 6.  There, he found a similar looking Jeep parked in Plaintiff's private residential garage, which is attached to his house.  SUF ¶ 9-10; Ex. A to Mehta Decl., 8:8-10, 15:13-25; Ex. B to Mehta Decl., 2.  Defendant Hartig parked his vehicle, ran into the garage where he found Plaintiff in the driver's seat and immediately pulled Plaintiff out of the Jeep, handcuffed him, and arrested him without reasonable basis or probable cause to believe that the driver of this Jeep committed any crime.  SUF ¶ 11; Ex. A to Mehta Decl., 8:11-16, 10:23-24,

3

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

12:12-15, 12:20-23, 13:22-24; Ex. B to Mehta Decl., 2, 4-7.  Plaintiff did not resist any prior attempt to detain him.  SUF ¶ 19; Ex. B to Mehta Decl., 6.  Moreover, Plaintiff did not retreat into his house or otherwise make an effort to avoid being arrested by Defendant Hartig.  SUF ¶ 19; Ex. B to Mehta Decl., 6.  Plaintiff did not provide his consent to enter his garage, Defendant Hartig did not have a warrant for Plaintiff's arrest, there was no probable cause, and there were no exigent circumstances justifying Plaintiff's arrest.  SUF ¶ 4-7, 11-12, 17-22; Ex. A to Mehta Decl., 5:9-15, 5:20-286:1, 6:13-7:13, 7:26-27; Ex. B to Mehta Decl., 4-7.

Despite being safely parked in his garage, Plaintiff's Jeep was towed from his home and impounded.  SUF ¶ 14; Ex. A to Mehta Decl., 15:19-25.  Plaintiff Knowles was charged with violating California Vehicle Code § 23109(a) (speed contest) and §§ 23152(a)&(b) (driving under the influence of alcohol or drugs).  SUF ¶ 15; Ex. A to Mehta Decl., 9:7-14; Ex. B to Mehta Decl., 1.

Plaintiff hired a lawyer and moved to suppress the evidence seized after the illegal entry into his garage on the Fourth Amendment grounds in the Solano County Superior Court.  SUF ¶ 16; Ex. B to Mehta Decl., 1.  The motion was denied.  SUF ¶ 16; Ex. B to Mehta Decl., 1.  Plaintiff then appealed to the Solano County Superior Court, Appellate Division.  SUF ¶ 16; Ex. B to Mehta Decl., 1.  The Appellate Division reversed the trial court finding that Defendant Hartig had conducted a warrantless search absent any exigent circumstances, probable cause or Plaintiff's consent, in violation of Plaintiff's Fourth Amendment rights against unreasonable searches and seizures.  SUF ¶ 17; Ex. A to Mehta Decl., 5:6-19, 6:1, 6:14-7:9, 7:17-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24; Ex. B to Mehta Decl., 4, 6-7.  All evidence that resulted from the illegal entry into Plaintiff's garage and the illegal search was suppressed.

## ARGUMENT

Under the Fourth Amendment "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause."  United States Constitution, Amendment IV.  The Appellate Division of the Solano County Superior Court found that Defendant Hartig had conducted a warrantless search with no probable cause, consent or exigent circumstances

4

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

allowing for a warrantless entry in violation of the California analog to the Fourth Amendment. That court relied entirely on Defendant Hartig's own testimony in granting the suppression motion, which then led to dismissal of the charges against Plaintiff. The same facts that he supplied in the suppression hearing requires summary judgment as to liability on this cause of action here.

## I. CALIFORNIA AND FEDERAL LAW ARE IDENTICAL REGARDING FOURTH AMENDMENT VIOLATIONS

The Solano County Superior Court's Appellate Division applied California law in ordering suppression of the illegally seized evidence, which led to dismissal of the charges against Plaintiff. There is no difference between state and federal illegal search and seizure standards. It follows that the Appellate Division's decision constitutes a final and binding determination that Defendant Hartig violated Plaintiff's Fourth Amendment rights.

In 1982, California voters enacted Proposition 8, "The Victim's Bill of Rights," amending the California constitution. *See United States v. Alexander*, 761 F.2d 1294, 1298 (9th Cir. 1985). Proposition 8 eliminated the independent bases for exclusion for search and seizure violations under the California constitution, rendering California and federal law identical on these issues. *Id*. Therefore, the issue of whether California law applies when evidence seized by a state officer is offered in a federal case is immaterial here because any evidence must be decided only under federal Constitutional standards. *Id.*

## II. THE SOLANO COUNTY SUPERIOR COURT, APPELLATE DIVISION, DECIDED THAT DEFENDANT HARTIG VIOLATED PLAINTIFF'S FOURTH AMENDMENT RIGHTS

On April 6, 2009, the Appellate Division, held that Defendant Hartig violated Plaintiff's Fourth Amendment rights by entering Plaintiff's garage and arresting him without (1) a warrant, (2) consent from Plaintiff, (3) or any exigent circumstances justifying a warrantless entry. SUF ¶¶ 17-23; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7. Accordingly, the court reversed the lower court's denial of Knowles's motion to suppress the evidence seized during or as a consequence of his arrest. SUF ¶ 23; Ex. B to Mehta Decl., 7.

5

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

That court rendered a seven-page reasoned decision in which, relying heavily on Defendant Hartig's own testimony, it found the controlling facts that caused it to decide that the evidence seized by Defendant Hartig should be suppressed.  SUF ¶¶ 17-23; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7.  The court explained that the Fourth Amendment prohibits a warrantless entry into a suspect's home (explaining that *Taylor v. United States*, 286 U.S. 1, 6 (1932) long ago extended Fourth Amendment's protections to garages) absent consent or exigent circumstances, citing *People v. Ramey*, 16 Cal.3d 263 (1976).  SUF ¶¶ 17-22; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7.

The court decided that Defendant Hartig was not in hot pursuit of Plaintiff, citing *People v. Lloyd*, 216 Cal. App. 3d (1989) (hot pursuit applies only when officers are in immediate and continuous pursuit of a suspect from the scene of the crime).  SUF ¶¶ 18-19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 4-7.  The court found that the "[p]olice never actually followed the Jeep.  Emergency lights were never activated.  There is no evidence that Appellant [Knowles] knew an officer was even looking for him.  There was only a hunt and a find on a hunch by a law officer with good instincts.  Appellant did not resist a prior attempt to detain him.  Appellant did not retreat into his house in an effort to avoid arrest." SUF ¶ 19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 6.  The Appellate Division also decided that Plaintiff was not a fleeing felon.  SUF ¶ 20; Ex. A to Mehta Decl., 4:22-5:2; Ex. B to Mehta Decl., 6.  It found that Defendant Hartig's interest in entering the garage was solely to arrest Plaintiff for a traffic violation.  SUF ¶ 20; Ex. A to Mehta Decl., 4:22-5:2; Ex. B to Mehta Decl., 6.  The court found that "Appellant had already arrived home and presented no threat to public safety.  Nor was there further chance for escape."  SUF ¶ 20; Ex. A to Mehta Decl., 4:22-5:2; Ex. B to Mehta Decl., 6.

The court found that possible destruction or disappearance of evidence that would provide an exigent justification for the warrantless search was not a factor.  SUF ¶ 21; Ex. A to Mehta Decl., 11:14-16; Ex. B to Mehta Decl., 6-7.  The court found that, at the time Defendant Hartig

6

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

entered into the residence and arrested Knowles, "He had no probable cause to believe that Appellant had engaged in a DUI offense; indeed, his only belief was that Appellant had committed the traffic violations of breaking traction, exhibiting speed, and perhaps driving recklessly, for which there was no evidence to be lost." SUF ¶ 21; Ex. A to Mehta Decl., 11:14-16; Ex. B to Mehta Decl., 6-7. The court thus found that there was no showing of the existence of any exigency making such warrantless entry reasonable. SUF ¶ 22; Ex. B to Mehta Decl., 4-7.

The Appellate Division thus suppressed all the evidence seized following Defendant Hartig's entry into Plaintiff's garage because of the clear Fourth Amendment violations. SUF ¶ 23; Ex. B to Mehta Decl., 7.

### III. THE APPELLATE DIVISION'S DECISION CONTROLS HERE, REQUIRING THAT THIS COURT GRANT SUMMARY JUDGMENT ON PLAINTIFF'S FIRST CAUSE OF ACTION

Defendant Hartig is estopped from relitigating this issue because the Appellate Division of the Solano County Superior Court already found that he violated Plaintiff's Fourth Amendment rights. SUF ¶¶ 17-23; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7. State law governs the doctrine of issue preclusion in federal courts. *Ayers v. Johnson*, 895 F.2d 1267, 1270 (9th Cir. 1990). Under California law, a suppression order in a state criminal case precludes relitigation of the issue in a subsequent civil action under 42 U.S.C. § 1983. *Schmidlin v. City of Palo Alto*, 157 Cal. App. 4th 728, 774 (2008) (where a criminal defendant's motion to suppress evidence was denied, the suppression order was found to be a "final" order for purposes of his civil action and, accordingly, the trial court did not err in applying issue preclusion to withhold the question of illegal detention from the jury). Because the Solano County Superior Court Appellate Division decided that Defendant Hartig violated Plaintiff's Fourth Amendment rights resulting in a suppression of the seized evidence, Defendant Hartig is collaterally estopped from relitigating this issue here. SUF ¶¶ 17-23; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7.

Even if this Court were to reconsider the facts and reexamine Fourth Amendment law, it must grant summary judgment as to liability on this claim. Based on the same set of undisputed

7

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

facts examined by the Appellate Division — the testimony of Defendant Hartig himself — the only plausible conclusion is that Defendant Hartig violated Plaintiff's Fourth Amendment rights by entering Plaintiff's garage and arresting him with no warrant, consent, probable cause, or exigent circumstances justifying a warrantless entry into Plaintiff's private residence.  SUF ¶¶ 1-15; Ex. A to Mehta Decl., 3:25-28, 4:22-27, 5:6-19, 6:1, 6:14-7:9, 7:17-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16, 12:12-15, 12:20-23, 13:22-24, 15:13-25, 16:6-11; Ex. B to Mehta Decl., 1-2, 4.

The Fourth Amendment prohibits a warrantless entry into an individual's home to make an arrest absent probable cause, consent or exigent circumstances.  *Walker v. City of Fresno*, No. 1:09-cv-1667-OWW-SKO, 2010 WL 3341861, *3-4 (E.D. Cal. Aug. 23, 2010); *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1018 (9th Cir. 2008).  There is absolutely no dispute that Defendant Hartig had no warrant and lacked consent to enter Plaintiff's garage.  SUF ¶¶ 11, 17; Ex. A to Mehta Decl., 8:11-16, 10:23-24, 12:12-15, 13:22-24; Ex. B to Mehta Decl., 2.  A police officer may not enter a person's residence and arrest that person without a search and/or arrest warrant unless the officer has probable cause to believe that a crime has been committed and that the person in question has committed that crime.  Probable cause exists only if the facts and circumstances known to the officer are sufficient to warrant a prudent person to believe that the suspect probably has committed a crime.  *Medeiros v. Clark*, No. CV-F-09-1177, 2010 WL 1812641, at *17 (E.D. Cal. May 5, 2010); *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010); and *Brooks v. City of Seattle*, 599 F.3d 1018, 1023 (9th Cir. 2010).  Defendant Hartig has conceded that he lost sight of the vehicle he followed and only gained sight of Plaintiff's vehicle by relying on "a hunch" to venture down Stuart Court.  SUF ¶¶ 7, 19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 2, 6.  Because Defendant Hartig lost sight of the vehicle he followed, there is no evidence and he had insufficient basis to suppose that Plaintiff was the individual who earlier had revved the engine and sped away.  SUF ¶¶ 4-5, 7; Ex. A to Mehta Decl., 6:1, 6:14-7:5, 7:17-8:1; Ex. B to Mehta Decl., 2.

Additionally, there are no exigent circumstances that justify Defendant Hartig's warrantless entry onto Plaintiff's private residence.  Under federal law, exigent circumstances are

8

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

ones "that would cause a reasonable person to believe that entry was necessary to prevent physical harm to the officers or other persons, the destruction of relevant evidence, the escape of the suspect, or some other consequence improperly frustrating legitimate law enforcement efforts." *United States v. Brooks*, 367 F.3d 1128, 1135 (9th Cir. 2004).  Those circumstances are defined as "(1) the need to prevent physical harm to the officers or other persons, (2) the need to prevent the imminent destruction of relevant evidence, (3) the hot pursuit of a fleeing suspect; and (4) the need to prevent the escape of a suspect." *Struckman*, 603 F.3d at 743.  As the Appellate Division explained, no recognized exigent circumstances justify Defendant Hartig's entry into Plaintiff's private garage that was attached to his house.  SUF ¶¶ 17-23; Ex. A to Mehta Decl., 4:22-5:2, 5:6-19, 6:1, 6:13-7:9, 7:14-8:1, 8:8-16, 8:21-28, 9:7-14, 10:23-24, 11:14-16; Ex. B to Mehta Decl., 4-7.

### A. Defendant Hartig Was Not in Hot Pursuit of a Fleeing Felon.

"'Hot pursuit' means some sort of a chase." *Struckman*, 603 F.3d at 744.  There was none here.  In *Struckman*, three uniformed officers entered Struckman's fenced-in backyard. *Id.* at 735.  The only information they had at that time was a call from a neighbor reporting that the owners were at work, that a white male had thrown a red backpack over the fence and climbed into the backyard, their visual confirmation that a red backpack was lying against a porch in the backyard, and that the person they saw in the yard, Struckman, was a white male. *Id.*  The officers' first statement to Struckman was an order to get on the ground. *Id.*  Only after that order and his arrest did the officers learn that Struckman actually lived at that residence. *Id.*  By that time, the officers had searched Struckman's backpack and found an unloaded handgun. *Id.*  Struckman, a felon, was charged with felon in possession of a firearm. *Id.*  The officers argued that the search was lawful because they had been in hot pursuit of Struckman, but the court found that there was no pursuit. *Id.* at 744.  The court found that Struckman was already in his backyard when the officers arrived at the house, they were not chasing him, he immediately stopped walking through the backyard when he saw the officers and he complied with orders. *Id.*  The court held that the officers' warrantless actions violated Struckman's Fourth Amendment rights. *Id.* at 735.

9

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

Similarly, Defendant Hartig was not in hot pursuit of Plaintiff Knowles. SUF ¶¶ 13, 18-19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 4-7. After hearing the revving of an engine, Defendant Hartig concedes that he completely lost sight of the vehicle that he had followed. SUF ¶¶ 4-5, 7; Ex. A to Mehta Decl., 6:1, 6:14-7:5, 7:17-8:1, Ex. B to Mehta Decl., 2. As the Appellate Division explained, there is no evidence even to suggest that Plaintiff knew an officer was even looking for him. SUF ¶¶ 13, 19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 4, 6. There was only a hunt and find by Defendant Hartig based on a hunch. SUF ¶ 19; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 6. A hunt and find based on a hunch does not constitute a hot pursuit chase of a potential suspect. Furthermore, as the Appellate Division found, just as in Struckman's case, Plaintiff was not fleeing from Defendant Hartig. SUF ¶¶ 13, 19-20; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 4, 6. He did not resist arrest or retreat into his house to avoid being arrested. SUF ¶¶ 13, 19-20; Ex. A to Mehta Decl., 6:13-7:9, 7:14-8:1; Ex. B to Mehta Decl., 4, 6. And there is no evidence that Plaintiff was a fleeing felon or that Plaintiff, who had already arrived at his residence, presented a threat to public safety. SUF ¶ 20; Ex. A to Mehta Decl., 4:22-5:2; Ex. B to Mehta Decl., 6. Plaintiff was merely in the attached garage of his own private residence at the time of his arrest and search. SUF ¶¶ 9-11, 13-14, 17, 20, 22; Ex. A to Mehta Decl., 8:8-16, 12:12-15, 12:20-23, 13:22-24, 15:13-25; Ex. B to Mehta Decl., 2.

**B.     At the Time of Defendant Hartig's Warrantless Entry Into Plaintiff's Garage, Defendant Hartig Had No Reason to Believe There Would Be Destruction or Disappearance of Evidence.**

As the Appellate Division explained, there is absolutely no evidence to suggest that Defendant Hartig believed there would be a destruction or disappearance of evidence that would justify a warrantless entry into Plaintiff's private residence. As the Appellate Division recognized, there may be occasions of concern about dissipation of evidence involved in a driving under the influence case. However, when he entered Plaintiff's residence, there was no reasonable suspicion, much less probable cause to believe that Plaintiff had participated in a DUI offense. SUF ¶¶ 12, 21; Ex. A to Mehta Decl., 8:21-28, 11:14-16; Ex. B to Mehta Decl., 2, 6-7. He had no reason to believe prior to his entry into Plaintiff's garage and his immediate arrest of

10

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]

Plaintiff that the suspected conduct involved alcohol. *Id.* In other words, as the Appellate Division found, there was simply no evidence to suggest that the driver of the Jeep did anything more than break traction, speed, and possibly drive recklessly. SUF ¶ 21; Ex. A to Mehta Decl., 4:22-27, 9:9-14; Ex. B to Mehta Decl., 6-7. These are not charges where evidence could possibly be destroyed while the officer obtained a search warrant. SUF ¶¶ 21; Ex. B to Mehta Decl., 6-7.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for summary adjudication against Defendant Hartig with respect to liability under Plaintiff's First Claim for Relief for Defendant Hartig's violation of Plaintiff's Fourth Amendment rights against unlawful search, seizure and arrest without probable cause, consent, exigent circumstances or warrant on December 23, 2007.

Dated: December 22, 2010

Respectfully submitted,

ROSEN, BIEN & GALVAN, LLP

By: /s/ Leslie C. Mehta
LESLIE C. MEHTA

Dated: December 22, 2010

LAW OFFICES OF GERI LYNN GREEN, LC

By: /s/ Geri L. Green
GERI LYNN GREEN

Attorneys for Plaintiff PETER KNOWLES

11

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY ADJUDICATION - CASE NO. 2:09-CV-03470-WBS-DAD

[398369-8]