SANFORD JAY ROSEN – 062566
LESLIE C. MEHTA – 258512
ROSEN, BIEN & GALVAN, LLP
315 Montgomery Street, 10th Floor
San Francisco, California 94104-1823
Telephone:  (415) 433-6830
Facsimile:   (415) 433-7104
Email:         srosen@rbg-law.com
                   lmehta@rbg-law.com

GERI LYNN GREEN – 127709
LAW OFFICES OF GERI LYNN GREEN, LC
155 Montgomery Street, Suite 901
San Francisco, California 94104-4166
Telephone:  (415) 982-2600
Facsimile:   (415) 358-4562
Email:         gerilynngreen@gmail.com

Attorneys for Plaintiff PETER KNOWLES

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>        Plaintiff,<br><br>        v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer, TED CRIADO, Officer JAKE HEINEMEYER, and DOES I through XXX, inclusive,<br><br>        Defendants. | Case No. 2:09-CV-03470-WBS-DAD<br><br>**STIPULATED PROTECTIVE ORDER REGARDING INFORMATION PRODUCED PURSUANT TO SUBPOENAS** |

Pursuant to this Court's November 16, 2010 Order and by agreement of counsel for the parties, **IT IS HEREBY STIPULATED** by and between plaintiff Peter Knowles (hereafter "**PLAINTIFF**"), through his counsel of record, and defendants City of Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, through their counsel of record (hereafter "**DEFENDANTS**"), as follows:

1. <u>Information and Matters Subject to this **ORDER**</u>.  This stipulation and order (hereafter "**ORDER**") shall govern all **"CONFIDENTIAL INFORMATION" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**" (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof, testimony, conversations, or presentations by the **PARTIES** in this action or their counsel that might reveal **CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**.  All references herein to "**PARTIES**" shall include plaintiff Peter Knowles, and his counsel of record, and defendants City of Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, and their counsel of record in the above-entitled action.

2. <u>Definitions</u>. The following definitions shall apply in the construction and application of this **ORDER**.

   a. The term "**INFORMATION**" means any materials, as defined by Federal Rule of Evidence 1001, or materials produced to the **PARTIES** or any person or entity subject to their employ or control in conjunction with this proceeding, including, but not limited to, documents produced pursuant to subpoena and answers to deposition questions set forth in deposition transcripts that are directly based upon those documents.

   b. The term "**CONFIDENTIAL**" means any **INFORMATION** designated as **CONFIDENTIAL** by the **PARTIES**.  **CONFIDENTIAL INFORMATION** may include:

1

All **INFORMATION** regarding personal identifying information regarding **PLAINTIFF** which may violate **PLAINTIFF'S** privacy such that it should not be disclosed beyond **QUALIFIED PERSONS**, as defined herein, including, but not limited to, the following: (1) driver's license number, (2) billing account number, (3) policy number, (4) card number, (5) group number, (6) claim number, (7) patient account number, (8) sequence number, (9) student identification number, (10) date of birth, and (11) credit card number.

      c.    The term **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** is applied to **INFORMATION** deemed so sensitive as to require that the **INFORMATION** be viewed by counsel only and not disseminated or **DISCLOSED** beyond counsel without prior approval by the **PARTIES**. This **INFORMATION** may include **PLAINTIFF'S** present address and information that is obviously identifying **INFORMATION** with respect to him and his current address that is extremely sensitive **HIGHLY CONFIDENTIAL INFORMATION**, the disclosure of which to anyone other than counsel of record is agreed by the **PARTIES** to be prohibited without prior approval of the **PARTIES**. The information that is deemed to be **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** includes, but is not limited to, the following: **PLAINTIFF'S** Social Security Number, present home address, present employer and employer information, present telephone number(s) and present email address(es).

      d.    The term "**QUALIFIED PERSONS**" means any of the following: (1) the Presiding Judge and any of his or her staff, (2) any referee appointed by a judge in this matter to preside over any hearings in this matter and any of his or her staff, (3) a jury empanelled for trial, (4) stenographic reporters engaged in these proceedings as are necessarily incident to the preparation for trial and/or trial of this action, (5) counsel for the **PARTIES** in this litigation, (6) paralegal, stenographic, clerical, and secretarial personnel employed by counsel for the **PARTIES**, (7) the **PARTIES** to these proceedings, including their officers, directors, agents, and employees, and (8) any person employed by counsel for the **PARTIES** in this proceeding to assist such counsel in this proceeding, such as experts or other consultants.

      e.    The term "**DISCLOSE**" or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION or**

2

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**.

3. <u>Grounds for Protection of **CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>.  The **PARTIES** acknowledge and recognize the **INFORMATION** identified as **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** herein in paragraph 2.b. and 2.c. raises privacy concerns with regard to the **INFORMATION** designated, and is intended to conform to this Court's order of November 16, 2010.  This **ORDER** is necessary in order to protect the important privacy interests of the **PLAINTIFF** with regard to **CONFIDENTIAL INFORMATION and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** by protecting such **CONFIDENTIAL** and **HIGHLY CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY** from public disclosure and/or disclosure to **DEFENDANTS** and meet the respective concerns of the **PARTIES** while permitting the **PARTIES** to expedite discovery.

4. <u>Use of **CONFIDENTIAL** and **HIGHLY CONFIDENTIAL INFORMATION**.  **CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY**</u>:

   a. **CONFIDENTIAL INFORMATION** shall be used solely in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function.  **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than **QUALIFIED PERSONS** and shall not be **DISCLOSED** except in accordance with this **ORDER**.  Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the responsibility of the attorneys of record and the **PARTIES**.  The provisions of this **ORDER**, insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or **INFORMATION** obtained therefrom, shall continue to be binding after the conclusion of this action.

i. The **PARTIES** and their counsel agree that all **INFORMATION** produced on or before January 31, 2011 is subject to this **ORDER** and may be **DISCLOSED** in accordance with the terms of this **ORDER**.

ii. The **PARTIES** and their counsel further agree that no **INFORMATION** produced on or after February 1, 2011 shall be disseminated or **DISCLOSED** to the **PARTIES** or **QUALIFIED PERSONS** for ten (10) calendar days after the production of the **INFORMATION** to counsel for the **PARTIES** or ten (10) calendar days after the entry of this **ORDER**, whichever is later, and shall be for "attorneys' eyes only" during that period so that counsel for the **PARTIES** may review **INFORMATION**, meet and confer regarding any objections to designations of documents as **CONFIDENTIAL INFORMATION**, and seek guidance from this Court if necessary regarding objections. The **INFORMATION** shall be treated as **CONFIDENTIAL** until the ten (10)-day period has elapsed. Counsel for the **PARTIES** agree that, during the ten (10)-day period, the **INFORMATION** shall not be **DISCLOSED** to the **PARTIES** or **QUALIFIED PERSONS**.

Within such ten (10)-day period, counsel for **PLAINTIFF** must notify counsel for **DEFENDANTS** in writing of the precise **INFORMATION** sought to be designated as **CONFIDENTIAL** and the grounds for seeking that designation. Absent such notice, the **INFORMATION** cannot be treated as **CONFIDENTIAL**. If there are no objections to the designations of **CONFIDENTIAL** made by counsel for **PLAINTIFF**, all **INFORMATION** designated as **CONFIDENTIAL** will be for **QUALIFIED PERSONS** and shall at no time be distributed or **DISCLOSED** to anyone other than **QUALIFIED PERSONS** without prior approval of the **PARTIES**.

If counsel for **DEFENDANTS** objects to designations of **INFORMATION** as **CONFIDENTIAL**, the parties agree to meet and confer within the ten (10)-day period to determine whether counsel for the **PARTIES** may stipulate that certain information should be designated as **CONFIDENTIAL**. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within the ten (10)-day period. In conferring, counsel for the **DEFENDANTS** must explain the basis for its belief that the confidentiality designation was not proper and must give counsel for **PLAINTIFF** an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

1  designation.  Counsel for the **PARTIES** may file and serve an appropriate motion only if the **PARTIES**
2  have engaged in this meet and confer process or if counsel for the other **PARTY** is unwilling to
3  participate in the meet and confer process during that ten (10) day period.
4       If after this meet and confer process is completed, the **PARTIES** agree that additional
5  **INFORMATION** should be designated as **CONFIDENTIAL** and subject to this **ORDER**, counsel for
6  the **PARTIES** will prepare and file with the court a further stipulated protective order to include the
7  recently designated **INFORMATION** in the **ORDER**.  If counsel for the **PARTIES** cannot agree on the
8  designations and stipulate to a further protective order, counsel for the **PARTIES** may seek guidance
9  from the Court regarding remaining disputes before the information is divulged to the **PARTIES** or
10  **QUALIFIED PERSONS**.  Counsel for **PLAINTIFF** shall file and serve a motion to retain
11  confidentiality within ten (10) days of the parties agreeing that the meet and confer process will not
12  resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that
13  the movant has complied with the meet and confer requirements imposed in this provision of this
14  **ORDER**.
15       b.   **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**: **HIGHLY**
16  **CONFIDENTIAL – ATTORNEYS' EYES ONLY** shall be used solely in connection with, and only as
17  necessary to, this action.  **INFORMATION** designated as **HIGHLY CONFIDENTIAL –**
18  **ATTORNEYS' EYES ONLY** shall not be used in the preparation and trial of this action, or any related
19  proceeding, including, but not limited to, appeal or writ, or for any other purpose, including, without
20  limitation, any civil, criminal, administrative, or personal purpose or function without prior approval
21  from the **PARTIES**.  **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**
22  shall not be **DISCLOSED** to anyone other than counsel for the **PARTIES** except in accordance with this
23  **ORDER**.  Control and distribution of all **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
24  **INFORMATION** shall be the responsibility of the attorneys of record.  The provisions of this **ORDER**,
25  insofar as they restrict the communication and use of **HIGHLY CONFIDENTIAL – ATTORNEYS'**
26  **EYES ONLY INFORMATION** produced hereunder, copies of summaries thereof, or
27  **INFORMATION** obtained therefrom, shall continue to be binding after the conclusion of this action.
28

i. The **PARTIES** and their counsel agree that all **INFORMATION** produced on or before January 31, 2011 is subject to this **ORDER** and may be **DISCLOSED** in accordance with the terms of this **ORDER**

ii. The **PARTIES** and their counsel further agree that no **INFORMATION** produced on or after February 1, 2011 shall be disseminated or **DISCLOSED** to the **PARTIES** or **QUALIFIED PERSONS** for ten (10) calendar days after the production of the **INFORMATION** to counsel for the **PARTIES** or ten (10) calendar days after the entry of this **ORDER**, whichever is later, and shall be for "attorneys' eyes only" during that period so that counsel for the **PARTIES** may review **INFORMATION**, meet and confer regarding any objections to designations of documents as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**, and seek guidance from this Court if necessary regarding objections. The **INFORMATION** shall be treated as **HIGHLY CONFIDENTIAL** until the ten (10)-day period has elapsed. Counsel for the **PARTIES** agree that, during the ten (10)-day period, the **INFORMATION** shall not be **DISCLOSED** to the **PARTIES** or **QUALIFIED PERSONS**.

Within such ten (10)-day period, counsel for **PLAINTIFF** must notify counsel for **DEFENDANTS** in writing of the precise **INFORMATION** sought to be designated as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** and the grounds for seeking that designation. Absent such notice, the **INFORMATION** cannot be treated as **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**. If there are no objections to the designations of **HIGHLY CONFIDENTIAL** made by counsel for **PLAINTIFF**, all **INFORMATION** designated as **HIGHLY CONFIDENTIAL** will be for "attorneys' eyes only" and shall at no time be distributed or **DISCLOSED** to anyone other than counsel for the **PARTIES**. All **HIGHLY CONFIDENTIAL INFORMATION** must be redacted by counsel for the **PARTIES** prior to the disclosure of the documents to the **PARTIES** or **QUALIFIED PERSONS**.

If counsel for **DEFENDANTS** objects to designations of **INFORMATION** as **HIGHLY CONFIDENTIAL**, the parties agree to meet and confer within the ten (10)-day period to determine whether counsel for the **PARTIES** may stipulate that certain **INFORMATION** should be designated **HIGHLY CONFIDENTIAL** and possibly redacted from the documents produced with all un-redacted copies destroyed. The **PARTIES** shall attempt to resolve each challenge in good faith and must begin

the process by conferring directly within the ten (10)-day period.  In conferring, counsel for the **DEFENDANTS** must explain the basis for its belief that the **HIGHLY CONFIDENTIAL** designation was not proper and must give counsel for **PLAINTIFF** an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  Counsel for the **PARTIES** may file and serve an appropriate motion only if they have engaged in this meet and confer process or if counsel for the other **PARTY** is unwilling to participate in the meet and confer process within the ten (10) day period.

If after this meet and confer process is completed, the **PARTIES** agree that additional **INFORMATION** should be designated as **HIGHLY CONFIDENTIAL** and subject to this **ORDER**, counsel for the **PARTIES** will prepare and file with the court a further stipulated protective order to include the recently designated **INFORMATION** in the **ORDER**.  If counsel for the **PARTIES** cannot stipulate to a further protective order, counsel for the **PARTIES** may seek guidance from the Court regarding remaining disputes before the information is divulged to the **PARTIES** or **QUALIFIED PERSONS**.  Counsel for **PLAINTIFF** shall file and serve a motion to retain confidentiality within ten (10) days of the **PARTIES** agreeing that the meet and confer process will not resolve their dispute.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in this provision of this **ORDER**.

5. <u>Designation of **INFORMATION** designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**</u>.

Once the **INFORMATION** is reviewed by counsel for the **PARTIES**, counsel may designate **INFORMATION** as "**CONFIDENTIAL**" or "**HIGHLY CONFIDENTIAL FOR ATTORNEY'S EYES ONLY.**"  In accordance with this **ORDER**, any **INFORMATION** not so designated will be for distribution without protection.

    a. **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

        i. **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by counsel for the **PARTIES** that the material contains

7

1  **CONFIDENTIAL INFORMATION** as defined herein, the **DISCLOSURE** and use of which would be
2  detrimental to or invade the privacy of **PLAINTIFF**.

3          ii.      The designation of **INFORMATION** as **CONFIDENTIAL** shall be
4  made, by placing or affixing on each page of such material in a manner that will not interfere with its
5  legibility the words "**CONFIDENTIAL**," or by the designation of categories of documents as
6  "**CONFIDENTIAL**."

7          iii.      An inadvertent failure to designate **CONFIDENTIAL INFORMATION**
8  does not, standing alone, waive the right of counsel for the **PARTY** to secure protection under this
9  **ORDER** for such material, if timely corrected within twenty (20) days of the inadvertent failure to
10 designate.  Upon timely correction of a designation, counsel for the other **PARTY** must make reasonable
11 efforts to assure that the material is treated in accordance with the provisions of this **ORDER**.

12     b.    **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**
13 **INFORMATION** shall be designated in the following manner:

14         i.      **INFORMATION** shall be designated as **HIGHLY CONFIDENTIAL –**
15 **ATTORNEYS' EYES ONLY** after a bona fide and good faith determination by counsel for the
16 **PARTIES** that the material contains **HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES**
17 **ONLY INFORMATION** as defined herein, the **DISCLOSURE** and use of which would be detrimental
18 to or invade the privacy of the **PLAINTIFF**.

19         ii.      The designation of **INFORMATION** as **HIGHLY CONFIDENTIAL**
20 shall be made, by placing or affixing on each page of such material in a manner that will not interfere
21 with its legibility the words "**HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY**," or
22 by the designation of categories of documents as "**HIGHLY CONFIDENTIAL – ATTORNEYS'**
23 **EYES ONLY**."

24         iii.      An inadvertent failure to designate **HIGHLY CONFIDENTIAL – FOR**
25 **ATTORNEYS' EYES ONLY INFORMATION** does not, standing alone, waive the right of counsel
26 for the **PARTY** to secure protection under this **ORDER** for such material if timely corrected within
27 twenty (20) days of the inadvertent failure to designate.  Upon timely correction of a designation, counsel
28

for the other **PARTY** must make reasonable efforts to assure that the material is treated in accordance with the provisions of this **ORDER**.

6. **DISCLOSURE** of **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL INFORMATION**. Each individual, other than counsel whose law firms are actual signatories to this **ORDER**, to whom **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED**, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms. Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court. The certificate shall be in the form attached hereto as Exhibit A. Counsel making **DISCLOSURE** to any person as described herein shall retain the original executed copy of such certificate until final termination of this case. All **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** is for attorneys' eyes only. **HIGHLY CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to either the **PARTIES** themselves, **THIRD PARTIES or QUALIFIED PERSONS other than counsel for the PARTIES** except in accordance with this **ORDER**.

a. **DISCLOSURE** During Depositions. In the event that **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized, examined or referred to during depositions, then only **QUALIFIED PERSONS**, the deponent, and the court reporter shall be present. If **CONFIDENTIAL INFORMATION** is made exhibits to, or if **CONFIDENTIAL INFORMATION** is the subject of examination during, a deposition, then arrangements will be made with the court reporter to separately bind those exhibits and those portions of the transcript containing **CONFIDENTIAL INFORMATION**, and each page on which such **CONFIDENTIAL INFORMATION** appears shall be stamped with the word "**CONFIDENTIAL**." Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "Knowles v. City of Benicia, *et al.*, Confidential Pursuant to Order in Case No. 2:09-CV-03470-WBS-DAD," and a statement substantially in the following form:

"THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "<u>Knowles v. City of Benicia, et al.</u>, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO. 2:09-CV-03470-WBS-DAD, AND CONTAINS CONFIDENTIAL DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

Each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall be informed of and provided with a copy of this **ORDER** and exhibit hereto and shall be requested to sign a copy of said exhibit.  Furthermore, each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any other person participating in the preparation of any deposition transcript and shall have such person sign a copy of said exhibit.

   b. <u>Papers Filed in Court</u>.  If any **PARTY** wishes to file any document containing **CONFIDENTIAL INFORMATION** with the court, that **PARTY** shall file and serve a motion requesting an order authorizing the filing of such documents under seal, or an order authorizing the redaction of **CONFIDENTIAL INFORMATION** from the documents.  The motion shall be filed and served in accordance with Local Rules 140 and 141 and all documents requested to be filed under seal shall be submitted to the Court in accordance with Local Rule 141(b).  Upon the Court's Order granting a motion to file **CONFIDENTIAL INFORMATION** under seal, all documents that the Court Orders to be filed under seal shall be submitted to the Court in accordance with Local Rule 141(e)(2).

In the event that the Court denies any **PARTY's** motion requesting an order authorizing the filing of documents containing **CONFIDENTIAL INFORMATION** under seal or in redacted form, such **CONFIDENTIAL INFORMATION** shall not be filed with the Court, but shall instead be returned to the moving party.

   c. **<u>DISCLOSURE</u> to Experts**.  In case of any **DISCLOSURE** to an expert, consultant, or other **QUALIFIED PERSON** under paragraph 2(d) above, counsel for the disclosing party shall make reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION DISCLOSED** is not disseminated in any form to anyone by such expert, consultant, or other

10

**QUALIFIED PERSON** and that said **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are returned in their entirety to the disclosing party after they are no longer needed in this action.

7. **DISCLOSURE of CONFIDENTIAL INFORMATION to Those Other Than QUALIFIED PERSONS**.  In the event that any party desires **CONFIDENTIAL INFORMATION** to be **DISCLOSED**, discussed, or made available to any person other than a **QUALIFIED PERSON**, such party shall submit to opposing counsel a written statement specifically identifying the **CONFIDENTIAL INFORMATION** to be **DISCLOSED** and the name, title, and business relationship of the persons with whom they wish to communicate.  Counsel for the opposing party shall have fifteen (15) calendar days from the date notice was served to object to the **DISCLOSURE** to any person identified in the notice.  If the **PARTIES** are unable to agree on the terms and conditions of the requested **DISCLOSURE**, the **PARTY** seeking disclosure may file and serve on opposing counsel a notice of motion and motion for authority to make such **DISCLOSURE**.  Such motion shall be filed and served pursuant to Local Rule 251.

Unless opposing counsel responds timely in writing to the fifteen (15)-day notification provided for above, the persons named in the notice shall, subject to the terms and conditions of this **ORDER**, be entitled to receive only that **CONFIDENTIAL INFORMATION** specified in this notice.

8. **DISCLOSURE of HIGHLY CONFIDENTIAL INFORMATION to Those Other Than Counsel for the PARTIES**.  In the event that any party desires **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** to be **DISCLOSED**, discussed, or made available to any person other than counsel for the **PARTIES**, such **PARTY** shall submit to opposing counsel a written statement specifically identifying the **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** to be **DISCLOSED** and the name, title, and business relationship of the persons with whom they wish to communicate.  Counsel for the opposing **PARTY** shall have fifteen (15) calendar days from the date notice was served to object to the **DISCLOSURE** to any person identified in the notice.  If the **PARTIES** are unable to agree on the terms and conditions of the requested **DISCLOSURE**, the **PARTY** seeking disclosure may file and serve on opposing counsel a notice of

1  motion and motion for authority to make such **DISCLOSURE**. Such motion shall be filed and served

2  pursuant to Local Rule 251.

3      Unless opposing counsel responds timely in writing to the fifteen (15)-day notification provided

4  for above, the persons named in the notice shall, subject to the terms and conditions of this **ORDER**, be

5  entitled to receive only that **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

6  **INFORMATION** specified in this notice.

7      9.    <u>**DISCLOSURE** to Author or Addressee</u>. Nothing in this **ORDER** shall preclude the

8  **DISCLOSURE** of **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL –**

9  **ATTORNEYS' EYES ONLY INFORMATION** to any person who authored, prepared, was an

10  addressee of, received a copy of, or participated in the preparation of such **CONFIDENTIAL**

11  **INFORMATION** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

12  **INFORMATION**.

13      10.    <u>Unauthorized Disclosure of **CONFIDENTIAL INFORMATION** or **HIGHLY**</u>

14  <u>**CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION**</u>. If a **PARTY** or counsel for a

15  **PARTY** learns that, by inadvertence or otherwise, it has disclosed **CONFIDENTIAL INFORMATION**

16  or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** to any person or in

17  any circumstance not authorized under this **ORDER**, the **PARTY** must immediately (a) notify in

18  writing opposing counsel of the unauthorized disclosures, (b) use its best efforts to retrieve all

19  unauthorized copies of the **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL -**

20  **ATTORNEYS' EYES ONLY INFORMATION**, (c) inform the person or persons to whom

21  unauthorized disclosures were made of all the terms of this **ORDER**, and (d) request such person or

22  persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as

23  Exhibit A.

24      11.    <u>Objections To Production</u>. Nothing in this **ORDER** shall be deemed to limit or waive any

25  right of any party to object to discovery with respect to any **INFORMATION** which may be claimed to

26  be outside the scope of discovery for any reason, privileged, or otherwise protected or protectable under

27  applicable deferral laws and the laws of the State of California.

28

STIPULATED PROTECTIVE ORDER REGARDING INFORMATION PRODUCED PURSUANT TO SUBPOENAS
CASE NO. 2:09-CV-03470-WBS-DAD

[463371-1]

1  12. Further Protection. Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY** designation from any document pursuant to Paragraph 4 above; and (c) to apply to the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown. Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revisions of the terms of this **ORDER**.

13. Contempt. Upon any violation of the provisions set forth in this **ORDER**, the **PARTY** asserting the violation may file and serve an appropriate motion seeking an order holding the violating **PARTY** either in contempt of this Court or in violation of this **ORDER**.

14. General Provisions.

 a. This **ORDER** is the result of negotiations by attorneys for the **PARTIES** and pursuant to this Court's November 16, 2010 Order and shall not be construed against any party or signatory to this **ORDER** because counsel for that **PARTY** may have drafted this **ORDER** in whole or in part. This **ORDER** shall be construed and interpreted fairly in accordance with its purpose and plain meaning.

 b. This **ORDER** shall continue to be binding after the conclusion of this litigation, except that a party may seek written permission from the opposing **PARTIES** or further **ORDER** of the Court with respect to dissolution or modification of this **ORDER**.

 c. Within thirty (30) days after the conclusion of this case, any and all original, copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY** materials in the possession, control, and/or custody of any **QUALIFIED PERSON** shall be returned. Counsel of record for a **PARTY** returning **CONFIDENTIAL INFORMATION** or **HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** shall verify by declaration under oath that all such **INFORMATION** has been returned and that it has not retained any such **INFORMATION** or derivatives therefrom. Counsel may

13

1  retain copies of briefs filed with the Court and work product so long as it is maintained in accordance
2  with this **ORDER**.

3         d.    **DISCLOSURE** of **CONFIDENTIAL INFORMATION** or **HIGHLY**
4  **CONFIDENTIAL – ATTORNEYS' EYES ONLY INFORMATION** shall not constitute a waiver of
5  the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

6         e.    Notices pursuant to this **ORDER** shall be sent to the attorneys for the **PARTIES**
7  listed on the signature page of this **ORDER** unless notified in writing of a change.

8         f.    This **ORDER** shall not constitute an admission by any of the **PARTIES** that
9  **INFORMATION** identified as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** is in fact
10 confidential, highly confidential or the subject of entitlement thereto.  This **ORDER** is entered into solely
11 to expedite discovery and meet the respective concerns of the **PARTIES**.  This **ORDER** will not be
12 considered an admission of validity to any claim of confidentiality hereunder except as is necessary to
13 enforce the terms of the **ORDER** as provided herein.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

   g. The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination of this action.

  The above is stipulated to by the respective counsel for the **PARTIES** as follows:

Dated: February 8, 2011        ROSEN, BIEN & GALVAN, LLP

                 By: */s/ Leslie C. Mehta*
                    LESLIE C. MEHTA

                Attorneys for Plaintiff PETER KNOWLES

Dated: February 8, 2011        SELMAN BREITMAN LLP

                 By: */s/ Jennifer Rusnak*
                   (as authorized on February 8, 2011)
                   JENNIFER L. RUSNAK

Attorneys for Defendants
CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN MCFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO and Officer JAKE HEINEMEYER

**ORDER**

  IT IS SO ORDERED.

**Date: 2/10/2011**

                 _/s/ Dale A. Drozd_
                 DALE A. DROZD
                 UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\knowles3470.stipprotord.subp

[463371-1]

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order Regarding Information Produced Pursuant to Subpoenas that was issued by the United States District for the Eastern District on _____ [date] in the case of *Peter Knowles v. City of Benicia, et al.*, Case No. 2:09-CV-03470-WBS-DAD.  I agree to comply with and to be bound by all the terms of this Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature:         _____

A-1