GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
JENNIFER L. RUSNAK (SBN 247054)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
CITY OF BENICIA, Police Chief
SANDRA SPAGNOLI, City Manager
JIM ERICKSON, Sergeant FRANK
HARTIG, Sergeant BOB OETTINGER,
Sergeant CHRIS BIDOU, Sergeant
SCOTT PRZEKURAT, Officer JOHN
McFADDEN, Officer MARK MENESINI,
Officer JAMES LAUGHTER, Officer
KEVIN ROSE, Officer JASON EAKIN,
Officer TED CRIADO and Officer
JAKE HEINEMEYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>    Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS; ORDER** |

**IT IS HEREBY STIPULATED** by and between plaintiff Peter Knowles, through his counsel of record, and defendants City of

Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, through their counsel of record, as follows:

1. Information and Matters Subject to this **ORDER**. This stipulation and order (hereafter **"ORDER"**) shall govern certain **"CONFIDENTIAL INFORMATION"** (as defined hereafter) not specifically addressed by either the July 9, 2010 Protective Order (Docket No. 16) or the February 10, 2011 Protective Order (Docket No. 68) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof. This stipulation supplements and does not supersede the Protective Orders of July 9, 2010 and February 10, 2011. All references herein to **"PARTIES"** shall include plaintiff Peter Knowles, and his counsel of record, and defendants City of Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, and their counsel of record in the above-entitled action. In addition, all references herein to **"PSYCHOLOGICAL EXPERTS"** shall include any California licensed psychologist retained as a consultant or expert witness by any **PARTY** in connection with these proceedings.

2. <u>Definitions</u>.  The following definitions shall apply in the construction and application of this **ORDER.**

a. The term **"INFORMATION"** means any materials, as defined by Federal Rule of Evidence 1001, produced by the **PARTIES** or any person or entity subject to their employ or control in conjunction with this proceeding, specifically including documents prepared, generated or utilized by any **PSYCHOLOGICAL EXPERTS** retained by the **PARTIES** relating to any psychological testing or evaluation conducted in connection with these proceedings.

b. The term **"CONFIDENTIAL"** means any **INFORMATION** designated as **CONFIDENTIAL** by the **PARTIES**.  In addition to the categories set forth in the July 9, 2010 Protective Order (Docket No. 16) and the February 10, 2011 Protective Order (Docket No. 68), the following **INFORMATION** may be so designated:

All **INFORMATION** regarding psychological testing records of PETER KNOWLES generated in connection with this litigation, including documents and test data relating to any consultation or mental examination by any **PSYCHOLOGICAL EXPERTS** retained by the **PARTIES**, including the following:

i. Copies of answer sheets completed or prepared by plaintiff in connection with the administration of any psychological testing conducted in connection with these proceedings, including the answer sheet plaintiff completed in connection with MMPI-2 test conducted by Dr. Ronald Roberts in connection with the Independent Mental Examination of plaintiff on February 7, 2011, and any other **PSYCHOLOGICAL EXPERT** who

3

**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

performs any mental examination subject to disclosure or is designated to testify at trial;

ii.  Copies of any raw test data utilized during or generated following the administration of any psychological testing conducted in connection with these proceedings, including the computer printouts containing raw test data generated following the administration of the MMPI-2 and Rorschach tests conducted by Dr. Ronald Roberts in connection with the Independent Mental Examination of plaintiff on February 7, 2011, and any other **PSYCHOLOGICAL EXPERT** who performs any mental examination subject to disclosure or is designated to testify at trial;

iii. Any document identifying the scoring system used to interpret any of plaintiff's test answers, such as for the Rorschach test identifying whether the "Exner" scoring system or some other system was used, and identifying the actual Rorschach cards shown to plaintiff in the event that such information is not readily apparent from the materials produced pursuant to subsections i and ii above, so long as such documents do not constitute testing materials for either the MMPI-2 or Rorschach tests, as set forth in paragraph 2.b.iv. below.

iv.  **CONFIDENTIAL INFORMATION** as defined herein specifically does not include the testing materials for either the MMPI-2 or Rorschach tests conducted in connection with these proceedings, including, but not limited to, the test materials, booklets, computer programs and other documents that would constitute the testing materials utilized by the **PSYCHOLOGICAL EXPERTS** in

connection with the administration of the psychological testing.

    c.  The term **"QUALIFIED PERSONS"** means (1) the Presiding Judge and any of his or her staff, (2) any referee appointed by a judge in this matter to preside over any hearings in this matter and any of his or her staff, (3) stenographic reporters engaged in these proceedings as are necessarily incident to the preparation for trial and/or trial of this action, (4) counsel for the **PARTIES** in this litigation, (5) paralegal, stenographic, clerical, and secretarial personnel employed by counsel for the **PARTIES**, and (6) **PSYCHOLOGICAL EXPERTS** retained by the **PARTIES** in this proceeding to assist such counsel in this proceeding.

    d.  The term **"DISCLOSE"** or any version thereof means to show, give, make available, or communicate in any fashion to any person any **CONFIDENTIAL INFORMATION**, information concerning the existence or content of any **CONFIDENTIAL INFORMATION**, or any copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION**.

    3.  <u>Grounds for Protection of **CONFIDENTIAL INFORMATION**</u>.  The **PARTIES** acknowledge and recognize the **INFORMATION** identified as **CONFIDENTIAL INFORMATION** herein in paragraph 2 is protected by a right of privacy under both state and federal laws.  Further, the **PARTIES** acknowledge and recognize that the disclosure of **INFORMATION** identified as **CONFIDENTIAL INFORMATION** herein is governed by ethical and contractual duties of the **PSYCHOLOGICAL EXPERTS** who have either prepared, generated or utilized this **CONFIDENTIAL INFORMATION***,* including, but not limited to, Sections 9.04 and 9.11 and of the American Psychological Association

Ethical Principles of Psychologists and Code of Conduct.  This **ORDER** is necessary in order to protect the important privacy interests of the plaintiff, as well as the ethical duties of any **PSYCHOLOGICAL EXPERTS** with regard to the **CONFIDENTIAL INFORMATION** by protecting such **CONFIDENTIAL INFORMATION** from public disclosure and misuse, while meeting the respective concerns of the **PARTIES** and their **PSYCHOLOGICAL EXPERTS** and permitting the **PARTIES** to expedite discovery.

4. <u>Use of **CONFIDENTIAL INFORMATION**</u>.  The particular types of **CONFIDENTIAL INFORMATION** defined above in section 2(b)(i)-(iv) herein shall be subject to the following conditions:

a. Such **CONFIDENTIAL INFORMATION** shall be used solely for professional purposes by counsel for the **PARTIES** and their **PSYCHOLOGICAL EXPERTS** in connection with, and only as necessary to, this action and the preparation and trial of this action, or any related proceeding, including, but not limited to, appeal or writ, and not for any other purpose, including, without limitation, any civil, criminal, administrative, or personal purpose or function;

b. Such **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than counsel for the **PARTIES** and their **PSYCHOLOGICAL EXPERTS**, as well as other **QUALIFIED PERSONS** as necessary an in accordance with this **ORDER;** and

c. Such **CONFIDENTIAL INFORMATION**, including any copies or summaries thereof, shall be returned to the **PSYCHOLOGICAL EXPERTS** from whom production originated at the conclusion of this litigation.

Control and distribution of all **CONFIDENTIAL INFORMATION** shall be the responsibility of the attorneys of record. The provisions of this **ORDER,** insofar as they restrict the communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies or summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

5. Designation of **INFORMATION** as **CONFIDENTIAL**. In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

a. **INFORMATION** subject to this **ORDER** shall be designated, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words **"CONFIDENTIAL,"** or by the designation of categories of documents as **"CONFIDENTIAL."** If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure. The **INFORMATION** shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed. Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise **INFORMATION** sought to be designated as **CONFIDENTIAL**. Absent such notice, the **INFORMATION** cannot be treated as **CONFIDENTIAL.**

6. **DISCLOSURE** of **CONFIDENTIAL INFORMATION**. Each individual, other than counsel whose law firms are actual signatories to this **ORDER,** to whom the particular types of

1  **CONFIDENTIAL INFORMATION** defined about in Section (b)(i)-(iv) is
2  furnished, shown, or **DISCLOSED**, shall, prior to the time s/he
3  receives access to such materials, be provided by counsel
4  furnishing her/him such material a copy of this **ORDER** and agree
5  to be bound by its terms, and shall certify that s/he has
6  carefully read the **ORDER** and fully understands its terms.  Such
7  person must also consent to be subject to the personal
8  jurisdiction of the United States District Court, Eastern
9  District of California, with respect to any proceeding relating
10 to enforcement of this **ORDER**, including any proceeding relating
11 to contempt of court.  The certificate shall be in the form
12 attached hereto.  Counsel making **DISCLOSURE** to any person as
13 described herein shall retain the original executed copy of such
14 certificate until final termination of this case.
15      a.  **DISCLOSURE** During Depositions.  In the event that
16 **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized,
17 examined or referred to during depositions, then only **QUALIFIED**
18 **PERSONS**, the deponent, and the court reporter shall be present.
19 If **CONFIDENTIAL INFORMATION** is made exhibits to, or if
20 **CONFIDENTIAL INFORMATION** is the subject of examination during, a
21 deposition, then arrangements will be made with the court
22 reporter to separately bind those exhibits and those portions of
23 the transcript containing **CONFIDENTIAL INFORMATION**, and each page
24 on which such **CONFIDENTIAL INFORMATION** appears shall be stamped
25 with the word **"CONFIDENTIAL."**  Those exhibits and transcript
26 portions shall be placed in a sealed envelope or other
27 appropriate sealed container on which shall be endorsed "Knowles

8
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

v. City of Benicia, *et al.*, Confidential Pursuant to Order in Case No. 2:09-CV-03470-WBS-DAD," and a statement substantially in the following form:

"THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "Knowles v. City of Benicia, *et al.,* UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO. 2:09-CV-03470-WBS-DAD, AND CONTAINS CONFIDENTIAL DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

Each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall be informed of and provided with a copy of this **ORDER** and exhibit hereto and shall be requested to sign a copy of said exhibit.  Furthermore, each court reporter participating in any deposition involving **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any other person participating in the preparation of any deposition transcript and shall have such person sign a copy of said exhibit.

b.   Papers Filed in Court.  If any **PARTY** wishes to file any document containing **CONFIDENTIAL INFORMATION** with the court, that **PARTY** shall file and serve a motion requesting an order authorizing the filing of such documents under seal, or an order authorizing the redaction of **CONFIDENTIAL INFORMATION** from the documents.  The motion shall be filed and served in accordance with Local Rules 140 and 141 and all documents requested to be filed under seal shall be submitted to the Court in accordance

with Local Rule 141(b).  Upon the Court's Order granting a motion to file **CONFIDENTIAL INFORMATION** under seal, all documents that the Court Orders to be filed under seal shall be submitted to the Court in accordance with Local Rule 141(e)(2).

In the event that the Court denies any **PARTY's** motion requesting an order authorizing the filing of documents containing **CONFIDENTIAL INFORMATION** under seal or in redacted form, such **CONFIDENTIAL INFORMATION** shall not be filed with the Court, but shall instead be returned to the moving party.

c.  <u>**DISCLOSURE** to Experts</u>.  In case of any **DISCLOSURE** to an **PSYCHOLOGICAL EXPERT** retained by any **PARTY,** counsel for the disclosing party shall make reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION DISCLOSED** is not disseminated in any form to anyone by such expert, consultant, or other **QUALIFIED PERSON** and that said **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are returned in their entirety to the disclosing party after they are no longer needed in this action.

7.  <u>**DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than **QUALIFIED PERSONS**</u>.  In the event that any party desires **CONFIDENTIAL INFORMATION** to be **DISCLOSED,** discussed, or made available to any person other than **QUALIFIED PERSONS,** such party shall submit to opposing counsel a written statement specifically identifying the **CONFIDENTIAL INFORMATION** to be **DISCLOSED** and the name, title, and business relationship of the persons with whom they wish to communicate.  Counsel for the opposing party shall have fifteen (15) calendar days from the date notice was served to object to the **DISCLOSURE** to any person identified in the

10
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

217500.1  555.28280

1  notice.  If the **PARTIES** are unable to agree on the terms and
2  conditions of the requested **DISCLOSURE**, the **PARTY** seeking
3  disclosure may file and serve on opposing counsel a notice of
4  motion and motion for authority to make such **DISCLOSURE**.  Such
5  motion shall be filed and served pursuant to Local Rule 251.

6      a.  Unless opposing counsel responds timely in writing to
7  the fifteen (15)-day notification provided for above, the persons
8  named in the notice shall, subject to the terms and conditions of
9  this **ORDER**, be entitled to receive only that **CONFIDENTIAL**
10 **INFORMATION** specified in this notice.

11     8.  **DISCLOSURE** to Author or Addressee.  Nothing in this
12 **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION**
13 to any person who authored, prepared, was an addressee of,
14 received a copy of, or participated in the preparation of such
15 **CONFIDENTIAL INFORMATION**.

16     9.  Objections To Designation.  Should any party to whom
17 **CONFIDENTIAL INFORMATION** is disclosed object to classification of
18 such materials, and should the **PARTIES** be unable to resolve the
19 objection informally, then the objecting party ("the moving
20 party") shall have the burden of moving forward and may move, at
21 any time upon proper notice, for an order determining whether or
22 not the materials are properly designated.  Until a motion is
23 filed and resolved by the Court, all materials designated
24 **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL**.  In
25 the event such a motion is made, the party opposing the motion
26 (the "opposing party") shall have the burden of providing and
27 establishing that the **INFORMATION** is protected as privileged

11
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER**
**REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

217500.1 555.28280

within the meaning of and under applicable federal laws and the laws of the State of California.  This burden, imposed on the opposing party, shall include, but shall not be limited to, the burden imposed on any party seeking a protective **ORDER**.

10. Objections To Production.  Nothing in this **ORDER** shall be deemed to limit or waive any right of any party to object to discovery with respect to any **INFORMATION** which may be claimed to be outside the scope of discovery for any reason, privileged, or otherwise protected or protectable under applicable federal laws and the laws of the State of California

11. Further Protection.  Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL INFORMATION** or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** designation from any document pursuant to Paragraph 4 above; and (c) to apply to the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown.  Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revision of the terms of this **ORDER**.

12. Contempt.  Upon any violation of the provisions set forth in this **ORDER,** the **PARTY** asserting the violation may file and serve an appropriate motion seeking an order holding the violating **PARTY** either in contempt of this Court or in violation of this **ORDER**.

13. <u>General Provisions</u>.

a. This **ORDER** is the result of negotiations by attorneys for the **PARTIES** and shall not be construed against any party or signatory to this **ORDER** because that **PARTY** or their counsel may have drafted this **ORDER** in whole or in part.  This **ORDER** shall be construed and interpreted fairly in accordance with its purpose and plain meaning.

b. This **ORDER** shall continue to be binding after the conclusion of this litigation, except that a party may seek written permission from the opposing **PARTIES** or further **ORDER** of the Court with respect to dissolution or modification of this **ORDER.**

c. Within thirty (30) days after the conclusion of this case, any and all original, copy, portion, version, or summary of any **CONFIDENTIAL INFORMATION** materials in the possession, control, and/or custody of any **QUALIFIED PERSON** shall be returned.  Counsel of record for a **PARTY** returning **CONFIDENTIAL INFORMATION** shall verify by declaration under oath that all such **INFORMATION** has been returned and that it has not retained any such **INFORMATION** or derivatives therefrom.  Counsel may retain copies of briefs filed with the Court and work product so long as it is maintained in accordance with this **ORDER.**

d. Disclosure of **CONFIDENTIAL INFORMATION** shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

e. Notices pursuant to this **ORDER** shall be sent to the attorneys for the **PARTIES** listed on the signature page of this

Selman Breitman LLP
ATTORNEYS AT LAW
217500.1  555.28280

1  **ORDER** unless notified in writing of a change.

2       f.   This **ORDER** shall not constitute an admission by any of
3  the **PARTIES** that **INFORMATION** identified as **CONFIDENTIAL** is in
4  fact confidential or the subject of entitlement thereto.  This
5  **ORDER** is entered into solely to expedite discovery and meet the
6  respective concerns of the **PARTIES**.  This **ORDER** not be considered
7  an admission of validity to any claim of confidentiality
8  hereunder except as is necessary to enforce the terms of the
9  **ORDER** as provided herein.

10      g.   The Court's jurisdiction to enforce the terms of this
11 order shall extend until six months after the final termination
12 of this action.

13      The above is stipulated to by the respective counsel for the
14 **PARTIES** as follows:

16 DATED: March 9, 2011          ROSEN, BIEN & GALVAN, LLP

18                               By:  */s/ Ernest Galvan (as authorized on March 9, 2011)*
19                                    ERNEST GALVAN
                                      Attorneys for Plaintiff, PETER
20                                    KNOWLES

---

14
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER
REGARDING PSYCHOLOGICAL TESTING DOCUMENTS
2:09-CV-03470-WBS-DAD**

217500.1  555.28280

DATED: March 9, 2011          SELMAN BREITMAN LLP

By: */s/ Jennifer L. Rusnak*
GREGG A. THORNTON
DANIELLE K. LEWIS
JENNIFER L. RUSNAK
Attorneys for Defendants
CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN MCFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO and Officer JAKE HEINEMEYER

15
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Selman Breitman LLP
ATTORNEYS AT LAW

217500.1  555.28280

**EXHIBIT A**

Gregg A. Thornton (SBN 146282)
JENNIFER L. RUSNAK (SBN 247054)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO and Officer JAKE HEINEMEYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>         Plaintiff,<br><br>     v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>         Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**NON-DISCLOSURE AGREEMENT RELATING TO STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

I, _____, declare as follows:

1.  My address and telephone number is

17
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

217500.1  555.28280

_____.

2. I have received a copy of the Stipulation Regarding Confidentiality and for Protective Order and Protective Order (hereinafter the **"ORDER"**) filed in the above-entitled action.

3. I have carefully read and understand the terms of the **ORDER.**

5. I hereby agree to be bound by the terms of the **ORDER.**

6. During the pendency and after final resolution of this case, I will hold in confidence and not disclose to anyone not qualified under the terms of the **ORDER** any confidential writings, documents, things, information, or discovery disclosed to me.

7. I agree to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with regard to any proceeding relating to the enforcement of the **ORDER.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this \_\_\_\_ day of _____ (month), _____ (year), at _____ (city), California.


DATED: _____   _____

18
**REVISED STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER REGARDING PSYCHOLOGICAL TESTING DOCUMENTS**
**2:09-CV-03470-WBS-DAD**

217500.1  555.28280

Selman Breitman LLP
ATTORNEYS AT LAW

**ORDER**

    **IT IS SO ORDERED.**

**Date:   3/15/2011**

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\knowles3470.stipprotord.psychtestingdocs.rev