GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
JENNIFER L. RUSNAK (SBN 247054)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
CITY OF BENICIA, Police Chief
SANDRA SPAGNOLI, City Manager
JIM ERICKSON, Sergeant FRANK
HARTIG, Sergeant BOB OETTINGER,
Sergeant CHRIS BIDOU, Sergeant
SCOTT PRZEKURAT, Officer JOHN
McFADDEN, Officer MARK MENESINI,
Officer JAMES LAUGHTER, Officer
KEVIN ROSE, Officer JASON EAKIN,
Officer TED CRIADO and Officer
JAKE HEINEMEYER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| PETER KNOWLES,<br><br>       Plaintiff,<br><br>    v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>       Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [~~PROPOSED~~] ORDER THEREON** |
|---|---|

**IT IS HEREBY STIPULATED** by and between plaintiff Peter Knowles, through his counsel of record, and defendants City of Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson,

1

Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, through their counsel of record, as follows:

1. On or about December 16, 2009, plaintiff filed the instant action entitled <u>Knowles v. City of Benicia, et al.</u>, alleging seven (7) causes of action under 28 U.S.C. Section 1983 for violations of his civil rights against the City of Benicia and thirteen (13) individually named defendants.

2. Plaintiff seeks damages from all defendants in the form of compensatory damages, recovery of reasonable attorneys' fees and costs, declaratory and injunctive relief, as well as punitive damages against each of the thirteen (13) individually named defendants.

3. The parties also acknowledge and agree that before plaintiff would be entitled to recover punitive damages against any individually named defendant in this action, there must be an ultimate finding by the trier of fact that (1) the individual defendant is liable to plaintiff in that defendant's individual capacity, and (2) that the plaintiff is entitled to an award of punitive damages against that defendant based upon appropriate findings concerning the individual defendant's conduct.

4. The parties also acknowledge and agree that discovery relating to the financial condition of the individually named defendants would only be appropriate once there has been an ultimate finding by the trier of fact that (1) the individual

2
**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

217796.1  555.28280

1 defendant is liable to plaintiff in that defendant's individual
2 capacity, and (2) that the plaintiff is entitled to an award of
3 punitive damages against that defendant, as set forth in
4 paragraph 3.
5   5.   Further, the parties stipulate and agree that discovery
6 of the financial condition of any individually named defendant
7 should be stayed pending an ultimate finding by the trier of fact
8 that (1) the individual defendant is liable to plaintiff in that
9 defendant's individual capacity, and (2) that the plaintiff is
10 entitled to an award of punitive damages against that defendant,
11 as set forth in paragraph 3.  Accordingly, the parties hereby
12 stipulate that the written discovery previously propounded in
13 this action by plaintiff to each individually-named defendant,
14 served by personal service on February 7, 2011, is hereby stayed
15 pending a finding that any defendant is liable to plaintiff in
16 that defendant's individual capacity and that the plaintiff is
17 entitled to an award of punitive damages against that defendant.
18 Any individual defendant against whom such a finding is made will
19 produce responses to the identified written discovery, and be
20 available for deposition, pursuant to any scheduling Order issued
21 by the Court. The parties agree that promptly following any such
22 findings, they will request that the Court enter such a
23 scheduling Order to set an expedited schedule to complete such
24 discovery and to address, if possible, any objections and
25 privileges that any such individual defendant may assert. The
26 written discovery that is the subject of this Stipulation
27 includes the following:
28

3
**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

217796.1 555.28280

1    A.    Plaintiff's Special Interrogatories to Defendant SANDRA SPAGNOLI, Set One

3    B.    Plaintiff's Request for Production of Documents from Defendant SANDRA SPAGNOLI, Set One

5    C.    Plaintiff's Special Interrogatories to Defendant JIM ERICKSON, Set One

7    D.    Plaintiff's Request for Production of Documents from Defendant JIM ERICKSON, Set One

9    E.    Plaintiff's Special Interrogatories to Defendant FRANK HARTIG, Set One

11    F.    Plaintiff's Request for Production of Documents from Defendant FRANK HARTIG, Set One

13    G.    Plaintiff's Special Interrogatories to Defendant BOB OETTINGER , Set One

15    H.    Plaintiff's Request for Production of Documents from Defendant BOB OETTINGER, Set One

17    I.    Plaintiff's Special Interrogatories to Defendant CHRIS BIDOU , Set One

19    J.    Plaintiff's Request for Production of Documents from Defendant CHRIS BIDOU, Set One

21    K.    Plaintiff's Special Interrogatories to Defendant SCOTT PRZEKURAT, Set One

23    L.    Plaintiff's Request for Production of Documents from Defendant PRZEKURAT, Set One

25    M.    Plaintiff's Special Interrogatories to Defendant JOHN MCFADDEN, Set One

27    N.    Plaintiff's Request for Production of Documents from

4
**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

217796.1  555.28280

Defendant JOHN MCFADDEN, Set One

O. Plaintiff's Special Interrogatories to Defendant MARK MENESINI, Set One

P. Plaintiff's Request for Production of Documents from Defendant MARK MENESINI, Set One

Q. Plaintiff's Special Interrogatories to Defendant JAMES LAUGHTER, Set One

R. Plaintiff's Request for Production of Documents from Defendant JAMES LAUGHTER, Set One

S. Plaintiff's Special Interrogatories to Defendant KEVIN ROSE, Set One

T. Plaintiff's Request for Production of Documents from Defendant KEVIN ROSE, Set One

U. Plaintiff's Special Interrogatories to Defendant JASON, Set One

V. Plaintiff's Request for Production of Documents from Defendant JASON EAKIN, Set One

W. Plaintiff's Special Interrogatories to Defendant TED CRIADO, Set One

X. Plaintiff's Request for Production of Documents from Defendant TED CRIADO, Set One

Y. Plaintiff's Special Interrogatories to Defendant JAKE HEINEMEYER, Set One

Z. Plaintiff's Request for Production of Documents from Defendant JAKE HEINEMEYER, Set One

6. The parties hereby stipulate to bifurcate punitive damages determinations at trial, and that any discovery

1  pertaining to individual defendants' finances will occur only
2  after an ultimate finding by the trier of fact that (1) the
3  individual defendant is liable to plaintiff in that defendant's
4  individual capacity, and (2) that the plaintiff is entitled to an
5  award of punitive damages against that defendant, as set forth in
6  paragraph 3.

7      7.   The parties agree that bifurcation of discovery and
8  trial relating to issues of liability and punitive damages will
9  mutually benefit all of the parties and preserve judicial
10 resources by precluding unnecessary and extensive discovery,
11 motion practice and trial preparation should the matter be
12 resolved during the liability phase.

13     8.   The parties further stipulate and agree that if there
14 is a determination by the trier of fact that any defendant is
15 liable to plaintiff in that defendant's individual capacity and
16 that the plaintiff is entitled to an award of punitive damages
17 against that defendant, as set forth in paragraph 3, discovery
18 pertaining to the financial condition of any such defendant,
19 including service of responses to the above identified written
20 discovery requests and deposition, will commence forthwith and be
21 completed in a timely manner in accordance with any scheduling
22 Order issued by this Court.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /

6

**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

217796.1  555.28280

```
DATED: March 14, 2011        ROSEN, BIEN & GALVAN, LLP


                             By:   /s/ Sanford Jay Rosen (as
                             authorized on March 14, 2011)
                                   SANFORD JAY ROSEN
                                   Attorneys for Plaintiff, PETER
                                   KNOWLES


DATED: March 14, 2011        SELMAN BREITMAN LLP


                             By:   /s/ Jennifer L. Rusnak
                                   GREGG A. THORNTON
                                   DANIELLE K. LEWIS
                                   JENNIFER L. RUSNAK
                                   Attorneys for Defendants
                                   CITY OF BENICIA, Police Chief
                                   SANDRA SPAGNOLI, City Manager JIM
                                   ERICKSON, Sergeant FRANK HARTIG,
                                   Sergeant BOB OETTINGER, Sergeant
                                   CHRIS BIDOU, Sergeant SCOTT
                                   PRZEKURAT, Officer JOHN MCFADDEN,
                                   Officer MARK MENESINI, Officer
                                   JAMES LAUGHTER, Officer KEVIN ROSE,
                                   Officer JASON EAKIN, Officer TED
                                   CRIADO and Officer JAKE HEINEMEYER
```

Selman Breitman LLP
ATTORNEYS AT LAW

217796.1  555.28280

7
**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

Case 2:09-cv-03470-WBS-DAD   Document 111   Filed 03/17/11   Page 8 of 8

**ORDER**

Counsel shall contact the Clerk to arrange a status conference, to be attended in person or by phone, for the purpose of discussing the above request.  Counsel shall be prepared to discuss whether they intend the issue of punitive damages to be decided by the same jury or a different jury than the one which decides liability and compensatory damages.  If they intend the issues to be decided by the same jury, they shall be prepared to discuss how they expect the court to assure that the jurors will all be available at the later date and that during the time between the two phases the jurors will continue to adhere to the court's admonition not to discuss the case nor seek or receive any information regarding the issues in the case.  If they intend the issues to be decided by a different jury, counsel shall be prepared to discuss how the second jury can decide the amount of punitive damages without (a) being told of the first jury's verdict and (b) hearing all of the same evidence the first jury heard.

IT IS SO ORDERED.

DATED: March 15, 2011

*[signature]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

8
**STIPULATION TO BIFURCATE DISCOVERY AND TRIAL RE: PUNITIVE DAMAGES; [PROPOSED] ORDER THEREON**
**CASE NO. 2:09-CV-03470-WBS-DAD**

217796.1  555.28280

Selman Breitman LLP
ATTORNEYS AT LAW