```
GREGG A. THORNTON (SBN 146282)
DANIELLE K. LEWIS (SBN 218274)
JENNIFER L. RUSNAK (SBN 247054)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
CITY OF BENICIA, Police Chief
SANDRA SPAGNOLI, City Manager
JIM ERICKSON, Sergeant FRANK
HARTIG, Sergeant BOB OETTINGER,
Sergeant CHRIS BIDOU, Sergeant
SCOTT PRZEKURAT, Officer JOHN
McFADDEN, Officer MARK MENESINI,
Officer JAMES LAUGHTER, Officer
KEVIN ROSE, Officer JASON EAKIN,
Officer TED CRIADO and Officer
JAKE HEINEMEYER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>            Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION** |

**IT IS HEREBY STIPULATED** by and between plaintiff Peter Knowles, through his counsel of record, and defendants City of

1

**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, through their counsel of record, as follows:

1. <u>Information and Matters Subject to this **ORDER**</u>.  This stipulation and order (hereafter **"ORDER"**) shall govern all **"CONFIDENTIAL INFORMATION"** (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof.  All references herein to **"PARTIES"** shall include plaintiff Peter Knowles, and his counsel of record, and defendants City of Benicia, Police Chief Sandra Spagnoli, City Manager Jim Erickson, Sergeant Frank Hartig, Sergeant Bob Oettinger, Sergeant Chris Bidou, Sergeant Scott Przekurat, Officer John McFadden, Officer Mark Menesini, Officer James Laughter, Officer Kevin Rose, Officer Jason Eakin, Officer Ted Criado, and Officer Jake Heinemeyer, and their counsel of record in the above-entitled action.

2. <u>Definitions</u>.  The following definitions shall apply in the construction and application of this **ORDER**.

a.  The term **"INFORMATION"** means any materials, as defined by Federal Rule of Evidence 1001, or materials produced by the **PARTIES** or any person or entity subject to their employ or control in conjunction with this proceeding, including, but not limited to, financial information of any defendant produced (1) in response to interrogatories under Federal Rule of Civil

2
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

1 Procedure 33, (2) in documents produced pursuant to requests
2 under Federal Rule of Civil Procedure 34, (3) in documents
3 produced pursuant to subpoena, (4) in documents produced
4 voluntarily or in response to informal request, and (5) in
5 answers to deposition questions set forth in deposition
6 transcripts.

7 b. The term **"CONFIDENTIAL"** means any **INFORMATION** designated
8 as **CONFIDENTIAL** by the **PARTIES**. Only the following **INFORMATION**
9 may be so designated: All **INFORMATION** regarding the financial
10 condition of any individual defendant named in these proceedings,
11 including but not limited to **INFORMATION** regarding any income,
12 investments, person property, real property, bank accounts,
13 retirement accounts, securities, debts, and any other assets or
14 liabilities.

15 c. The term **"QUALIFIED PERSONS"** means (1) the presiding
16 District Court Judge and any of his or her staff, (2) the
17 presiding Magistrate Judge and any of his or her staff, (3) any
18 referee appointed by a judge in this matter to preside over any
19 hearings in this matter and any of his or her staff, (4) a jury
20 empanelled for trial, (5) stenographic reporters engaged in these
21 proceedings as are necessarily incident to the preparation for
22 trial and/or trial of this action, (6) counsel for the **PARTIES** in
23 this litigation, (7) paralegal, stenographic, clerical, and
24 secretarial personnel employed by counsel for the **PARTIES**, (8)
25 the **PARTIES** to these proceedings, including their officers,
26 directors, agents, and employees, and (9) any person employed by
27 counsel for the **PARTIES** in this proceeding to assist such counsel
28

3
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

1  in this proceeding, such as experts or other consultants.

2  　　　d.　The term **"DISCLOSE"** or any version thereof means to
3  show, give, make available, or communicate in any fashion to any
4  person any **CONFIDENTIAL INFORMATION**, information concerning the
5  existence or content of any **CONFIDENTIAL INFORMATION**, or any
6  copy, portion, version, or summary of any **CONFIDENTIAL**
7  **INFORMATION**.

8  　　　3.　Grounds for Protection of **CONFIDENTIAL INFORMATION**.  The
9  **PARTIES** acknowledge and recognize the **INFORMATION** identified as
10 **CONFIDENTIAL INFORMATION** herein in paragraph 2.b. is protected by
11 a right of privacy under both state and federal laws.  This **ORDER**
12 is necessary in order to protect the important privacy interests
13 of the **PARTIES** with regard to the **CONFIDENTIAL INFORMATION** by
14 protecting such **CONFIDENTIAL INFORMATION** from public disclosure
15 and meet the respective concerns of the **PARTIES** while permitting
16 the **PARTIES** to expedite discovery.

17 　　　4.　Use of **CONFIDENTIAL INFORMATION**.  **CONFIDENTIAL**
18 **INFORMATION** shall be used solely in connection with, and only as
19 necessary to, this action and the preparation and trial of this
20 action, or any related proceeding, including, but not limited to,
21 appeal or writ, and not for any other purpose, including, without
22 limitation, any civil, criminal, administrative, or personal
23 purpose or function.  **CONFIDENTIAL INFORMATION** shall not be
24 **DISCLOSED** except in accordance with this **ORDER**.  Control and
25 distribution of all **CONFIDENTIAL INFORMATION** shall be the
26 responsibility of the attorneys of record and the **PARTIES**.  The
27 provisions of this **ORDER**, insofar as they restrict the

28

4

**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

*Selman Breitman LLP* — ATTORNEYS AT LAW

communication and use of **CONFIDENTIAL INFORMATION** produced hereunder, copies of summaries thereof, or information obtained therefrom, shall continue to be binding after the conclusion of this action.

    a.   **CONFIDENTIAL INFORMATION** shall not be **DISCLOSED** to anyone other than counsel for the **PARTIES,** or the presiding District Court Judge and/or Magistrate Judge and any of his or her staff as necessary in connection with any relevant discovery motion, until such time as there has been an ultimate finding by the trier of fact that (1) the individual defendant is liable to plaintiff in that defendant's individual capacity, and (2) that the plaintiff is entitled to an award of punitive damages against that defendant based upon appropriate findings concerning the individual defendant's conduct.

    b.   Once there has been an ultimate finding by the trier of fact that (1) the individual defendant is liable to plaintiff in that defendant's individual capacity, and (2) that the plaintiff is entitled to an award of punitive damages against that defendant based upon appropriate findings concerning the individual defendant's conduct, the **CONFIDENTIAL INFORMATION** may be disclosed to other **QUALIFIED PERSONS** in accordance with this **ORDER** and may be disclosed to the trier of fact in such manner as the Court directs.

    5.   <u>Designation of **INFORMATION** as **CONFIDENTIAL**.</u>  In the preparation for any trial of this proceeding, and any appeal or writ taken herein, **CONFIDENTIAL INFORMATION** shall be designated in the following manner:

    a.  **INFORMATION** shall be designated as **CONFIDENTIAL** only after a bona fide and good faith determination by the producing party that the material contains **CONFIDENTIAL INFORMATION** as defined herein, the **DISCLOSURE** and use of which would be detrimental to or invade the privacy of the producing party.

    b.  Any information sought to be protected is properly subject to protection under FRCP Rule 26(c), and **PARTIES** and counsel shall not designate any discovery material **CONFIDENTIAL** without first making a good faith determination that protection is warranted.

    c.  Any party seeking protection under FRCP Rule 26(c) has the burden of proof to show that such protection is warranted.

    d.  The designation of **INFORMATION** as **CONFIDENTIAL** shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words **"CONFIDENTIAL,"** or by the designation of categories of documents as **"CONFIDENTIAL."**  If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure.  The **INFORMATION** shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed.  Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise **INFORMATION** sought to be designated as **CONFIDENTIAL**.  Absent such notice, the **INFORMATION** cannot be treated as **CONFIDENTIAL**.

    6.  <u>**DISCLOSURE** of **CONFIDENTIAL INFORMATION**</u>.  Each individual, other than counsel whose law firms are actual

signatories to this **ORDER**, to whom **CONFIDENTIAL INFORMATION** is furnished, shown, or **DISCLOSED**, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms.  Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court.  The certificate shall be in the form attached hereto.  Counsel making **DISCLOSURE** to any person as described herein shall retain the original executed copy of such certificate until final termination of this case.

    a. <u>**DISCLOSURE** During Depositions</u>.  In the event that **CONFIDENTIAL INFORMATION** is **DISCLOSED**, revealed, utilized, examined or referred to during depositions, then only **QUALIFIED PERSONS**, the deponent, and the court reporter shall be present.  If **CONFIDENTIAL INFORMATION** is made exhibits to, or if **CONFIDENTIAL INFORMATION** is the subject of examination during, a deposition, then arrangements will be made with the court reporter to separately bind those exhibits and those portions of the transcript containing **CONFIDENTIAL INFORMATION**, <u>and each page on which such **CONFIDENTIAL INFORMATION** appears shall be stamped with the word **"CONFIDENTIAL."**</u>  Those exhibits and transcript portions shall be placed in a sealed envelope or other appropriate sealed container on which shall be endorsed "<u>Knowles</u>

7

**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

1  v. City of Benicia, *et al.*, Confidential Pursuant to Order in
2  Case No. 2:09-CV-03470-WBS-DAD," and a statement substantially in
3  the following form:
4      "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE
5  ORDER OF COURT, IN "Knowles v. City of Benicia, *et al.,* UNITED
6  STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO.
7  2:09-CV-03470-WBS-DAD, AND CONTAINS CONFIDENTIAL DOCUMENTS
8  PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING.  IT IS NOT TO
9  BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO
10 QUALIFIED PERSONS AS DEFINED BY SAID ORDER."
11     Each court reporter participating in any deposition
12 involving **CONFIDENTIAL INFORMATION** shall be informed of and
13 provided with a copy of this **ORDER** and exhibit hereto and shall
14 be requested to sign a copy of said exhibit.  Furthermore, each
15 court reporter participating in any deposition involving
16 **CONFIDENTIAL INFORMATION** shall show a copy of this **ORDER** to any
17 other person participating in the preparation of any deposition
18 transcript and shall have such person sign a copy of said
19 exhibit.
20     b.  Papers Filed in Court.  If any **PARTY** wishes to file any
21 document containing **CONFIDENTIAL INFORMATION** with the court, that
22 **PARTY** shall file and serve a motion requesting an order
23 authorizing the filing of such documents under seal, or an order
24 authorizing the redaction of **CONFIDENTIAL INFORMATION** from the
25 documents.  The motion shall be filed and served in accordance
26 with Local Rules 140 and 141 and all documents requested to be
27 filed under seal shall be submitted to the Court in accordance

1   with Local Rule 141(b).  Upon the Court's Order granting a motion
2   to file **CONFIDENTIAL INFORMATION** under seal, all documents that
3   the Court Orders to be filed under seal shall be submitted to the
4   Court in accordance with Local Rule 141(e)(2).

5   In the event that the Court denies any **PARTY's** motion
6   requesting an order authorizing the filing of documents
7   containing **CONFIDENTIAL INFORMATION** under seal or in redacted
8   form, such **CONFIDENTIAL INFORMATION** shall not be filed with the
9   Court, but shall instead be returned to the moving party.

10   c.   **DISCLOSURE** to Experts.  In case of any **DISCLOSURE** to an
11   expert, consultant, or other **QUALIFIED PERSON** under paragraph
12   2(c) above, counsel for the disclosing party shall make
13   reasonable efforts to ensure that the **CONFIDENTIAL INFORMATION**
14   **DISCLOSED** is not disseminated in any form to anyone by such
15   expert, consultant, or other **QUALIFIED PERSON** and that said
16   **CONFIDENTIAL INFORMATION** and any copies or summaries thereof are
17   returned in their entirety to the disclosing party after they are
18   no longer needed in this action.

19   7.   **DISCLOSURE** of **CONFIDENTIAL INFORMATION** to Other Than
20   **QUALIFIED PERSONS**.  In the event that any party desires
21   **CONFIDENTIAL INFORMATION** to be **DISCLOSED**, discussed, or made
22   available to any person other than a **QUALIFIED PERSON,** such party
23   shall submit to opposing counsel a written statement specifically
24   identifying the **CONFIDENTIAL INFORMATION** to be **DISCLOSED** and the
25   name, title, and business relationship of the persons with whom
26   they wish to communicate.  Counsel for the opposing party shall
27   have fifteen (15) calendar days from the date notice was served

28

9
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING**
**PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

1  to object to the **DISCLOSURE** to any person identified in the
2  notice.  If the **PARTIES** are unable to agree on the terms and
3  conditions of the requested **DISCLOSURE,** the **PARTY** seeking
4  disclosure may file and serve on opposing counsel a notice of
5  motion and motion for authority to make such **DISCLOSURE.**  Such
6  motion shall be filed and served pursuant to Local Rule 251.
7      a.  Unless opposing counsel responds timely in writing to
8  the fifteen (15)-day notification provided for above, the persons
9  named in the notice shall, subject to the terms and conditions of
10 this **ORDER,** be entitled to receive only that **CONFIDENTIAL**
11 **INFORMATION** specified in this notice.
12     8.  <u>**DISCLOSURE** to Author or Addressee</u>.  Nothing in this
13 **ORDER** shall preclude the **DISCLOSURE** of **CONFIDENTIAL INFORMATION**
14 to any person who authored, prepared, was an addressee of,
15 received a copy of, or participated in the preparation of such
16 **CONFIDENTIAL INFORMATION.**
17     9.  <u>Objections To Designation</u>.  Should any party to whom
18 **CONFIDENTIAL INFORMATION** is disclosed object to classification of
19 such materials, and should the **PARTIES** be unable to resolve the
20 objection informally, then the objecting party ("the moving
21 party") shall have the burden of moving forward and may move, at
22 any time upon proper notice, for an order determining whether or
23 not the materials are properly designated.  Until a motion is
24 filed and resolved by the Court, all materials designated
25 **CONFIDENTIAL INFORMATION** shall be treated as **CONFIDENTIAL**.  In
26 the event such a motion is made, the party opposing the motion
27 ("opposing party") shall have the burden of providing and

10
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

1  establishing that the **INFORMATION** is protected as privileged
2  within the meaning of and under applicable federal laws and the
3  laws of the State of California.  This burden, imposed on the
4  opposing party, shall include, but shall not be limited to, the
5  burden imposed on any party seeking a protective **ORDER.**

6     10.  <u>Objections To Production</u>.  Nothing in this **ORDER** shall
7  be deemed to limit or waive any right of any party to object to
8  discovery with respect to any **INFORMATION** which may be claimed to
9  be outside the scope of discovery for any reason, privileged, or
10 otherwise protected or protectable under applicable federal laws
11 and the laws of the State of California

12    11.  <u>Further Protection</u>.  Nothing contained in this **ORDER**
13 shall be deemed to preclude any party at any time (a) from
14 seeking and obtaining from the opposing party or the Court, on
15 appropriate showing, a further protective **ORDER** relating to
16 **CONFIDENTIAL INFORMATION** or relating to any discovery in this
17 case, (b) to apply to the Court for an **ORDER** requiring the
18 removal of the **CONFIDENTIAL** designation from any document
19 pursuant to Paragraph 4 above; and (c) to apply to the Court for
20 any relief from a provision of this Stipulation and **ORDER,** upon
21 good cause shown.  Nothing in this **ORDER** shall be construed as
22 preventing any party from making application to the Court for
23 revision of the terms of this **ORDER.**

24    12.  <u>Contempt</u>.  Upon any violation of the provisions set
25 forth in this **ORDER,** the **PARTY** asserting the violation may file
26 and serve an appropriate motion seeking an order holding the
27 violating **PARTY** either in contempt of this Court or in violation

28
11
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING**
**PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

218923.1  555.28280

1  of this **ORDER**.

2      13.  <u>General Provisions</u>.

3      a.  This **ORDER** is the result of negotiations by attorneys
4  for the **PARTIES** and shall not be construed against any party or
5  signatory to this **ORDER** because that **PARTY** or their counsel may
6  have drafted this **ORDER** in whole or in part.  This **ORDER** shall be
7  construed and interpreted fairly in accordance with its purpose
8  and plain meaning.

9      b.  This **ORDER** shall continue to be binding after the
10 conclusion of this litigation, except that a party may seek
11 written permission from the opposing **PARTIES** or further **ORDER** of
12 the Court with respect to dissolution or modification of this
13 **ORDER**.

14     c.  Within thirty (30) days after the conclusion of this
15 case, any and all original, copy, portion, version, or summary of
16 any **CONFIDENTIAL INFORMATION** materials in the possession,
17 control, and/or custody of any **QUALIFIED PERSON** shall be
18 returned.  Counsel of record for a **PARTY** returning **CONFIDENTIAL**
19 **INFORMATION** shall verify by declaration under oath that all such
20 **INFORMATION** has been returned and that it has not retained any
21 such **INFORMATION** or derivatives therefrom.  Counsel may retain
22 copies of briefs filed with the Court and work product so long as
23 it is maintained in accordance with this **ORDER.**

24     d.  Disclosure of **CONFIDENTIAL INFORMATION** shall not
25 constitute a waiver of the attorney-client privilege, work-
26 product doctrine, or any other applicable rights or privilege.

27     e.  Notices pursuant to this **ORDER** shall be sent to the

28
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

attorneys for the **PARTIES** listed on the signature page of this **ORDER** unless notified in writing of a change.

f. This **ORDER** shall not constitute an admission by any of the **PARTIES** that **INFORMATION** identified as **CONFIDENTIAL** is in fact confidential or the subject of entitlement thereto. This **ORDER** is entered into solely to expedite discovery and meet the respective concerns of the **PARTIES**. This **ORDER** not be considered an admission of validity to any claim of confidentiality hereunder except as is necessary to enforce the terms of the **ORDER** as provided herein.

g. The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination of this action.

The above is stipulated to by the respective counsel for the **PARTIES** as follows:

DATED: March 23, 2011 ROSEN, BIEN & GALVAN, LLP

By: *_/s/ Sanford Jay Rosen (as authorized on March 23, 2011)_*
SANFORD JAY ROSEN
ERNEST GALVAN
LESLIE C. MEHTA
Attorneys for Plaintiff, PETER KNOWLES

Selman Breitman LLP
ATTORNEYS AT LAW

```
DATED: March 23, 2011          SELMAN BREITMAN LLP

                               By:   /s/ Jennifer L. Rusnak
                                   GREGG A. THORNTON
                                   DANIELLE K. LEWIS
                                   JENNIFER L. RUSNAK
                                   Attorneys for Defendants
                                   CITY OF BENICIA, Police Chief
                                   SANDRA SPAGNOLI, City Manager JIM
                                   ERICKSON, Sergeant FRANK HARTIG,
                                   Sergeant BOB OETTINGER, Sergeant
                                   CHRIS BIDOU, Sergeant SCOTT
                                   PRZEKURAT, Officer JOHN MCFADDEN,
                                   Officer MARK MENESINI, Officer
                                   JAMES LAUGHTER, Officer KEVIN ROSE,
                                   Officer JASON EAKIN, Officer TED
                                   CRIADO and Officer JAKE HEINEMEYER
```

14
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

**EXHIBIT A**

15
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

```
GREGG A. THORNTON (SBN 146282)
Danielle K. Lewis (SBN 218274)
JENNIFER L. RUSNAK (SBN 247054)
SELMAN BREITMAN LLP
33 New Montgomery, Sixth Floor
San Francisco, CA  94105
Telephone: (415) 979-0400
Facsimile: (415) 979-2099

Attorneys for Defendants
CITY OF BENICIA, Police Chief
SANDRA SPAGNOLI, City Manager
JIM ERICKSON, Sergeant FRANK
HARTIG, Sergeant BOB OETTINGER,
Sergeant CHRIS BIDOU, Sergeant
SCOTT PRZEKURAT, Officer JOHN
McFADDEN, Officer MARK MENESINI,
Officer JAMES LAUGHTER, Officer
KEVIN ROSE, Officer JASON EAKIN,
Officer TED CRIADO and Officer
JAKE HEINEMEYER
```

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KNOWLES,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF BENICIA, Police Chief SANDRA SPAGNOLI, City Manager JIM ERICKSON, Sergeant FRANK HARTIG, Sergeant BOB OETTINGER, Sergeant CHRIS BIDOU, Sergeant SCOTT PRZEKURAT, Officer JOHN McFADDEN, Officer MARK MENESINI, Officer JAMES LAUGHTER, Officer KEVIN ROSE, Officer JASON EAKIN, Officer TED CRIADO, Officer JAKE HEINEMEYER and DOES I through XXX, inclusive,<br><br>        Defendants. | CASE NO.  2:09-CV-03470-WBS-DAD<br><br>**NON-DISCLOSURE AGREEMENT RELATING TO STIPULATION REGARDING CONFIDENTIALITY AND FOR PROTECTIVE ORDER** |

     I, _____, declare as follows:

/ / /

16
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

1.  My address and telephone number is
_____.

2.  I have received a copy of the Stipulation Regarding Confidentiality and for Protective Order and Protective Order (hereinafter the **"ORDER"**) filed in the above-entitled action.

3.  I have carefully read and understand the terms of the **ORDER.**

4.  I hereby agree to be bound by the terms of the **ORDER.**

5.  During the pendency and after final resolution of this case, I will hold in confidence and not disclose to anyone not qualified under the terms of the **ORDER** any confidential writings, documents, things, information, or discovery disclosed to me.

6.  I agree to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with regard to any proceeding relating to the enforcement of the **ORDER.**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed this ____ day of _____ (month), _____ (year), at _____ (city), California.


DATED: _____   _____

17
**STIPULATION REGARDING CONFIDENTIALITY AND STIPULATED PROTECTIVE ORDER REGARDING PERSONAL FINANCIAL INFORMATION**
**2:09-CV-03470-WBS-DAD**

**ORDER**

   IT IS SO ORDERED.

Date:   3/23/2011

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil\knowles3470.stipprotord.financials